Ann BASS, Plaintiff–Appellant,

v.

JOSTENS, INC., and James Dredge, Defendants,

Jostens Learning Corporation, Defendant–Appellee.

No. 94–2087.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 16, 1995.

Decided Dec. 11, 1995.

Timothy M. Holloway (argued and briefed), Detroit, MI, for plaintiff-appellant.

Ann Bass, Belleville, MI, pro se.

George D. Mesritz, Megan P. Norris, Miller, Canfield, Paddock & Stone, Detroit, MI, Gary C. Pierson (argued and briefed), Lytle, Soule & Curlee, Oklahoma City, OK, for defendant-appellee.

Before: CONTIE, MILBURN, and NORRIS, Circuit Judges.

CONTIE, Circuit Judge.

Plaintiff-appellant, Ann Bass, appeals the order of the district court dismissing her complaint for failure to comply with discovery orders in this civil rights diversity action brought against defendant-appellee, Jostens Learning Corp., and defendants, James Dredge and Jostens, Inc.

## I.

On November 10, 1992, plaintiff filed an action in the circuit court for the County of Wayne, Michigan, alleging that defendant wrongfully and discriminatorily discharged her on March 1, 1991 in violation of her contract, that she was terminated on the basis of race and sex in violation of the Elliott Larson Civil Rights Act, that she was defamed, and that she had an action for promissory estoppel. On December 11, 1992, the action was removed to the United States District Court for the Eastern District of Michigan on the basis of diversity. Plaintiff initially brought suit against three defendants, Jostens, Inc., Jostens Learning Corp. and James Dredge. However, because plaintiff never served a summons or petition on Jostens, Inc. or James Dredge, they were dismissed from this action on June 23, 1993. The case continued against defendant Jostens Learning Corp. (hereinafter, "JLC") until August 22, 1994, when the district court dismissed the case in its entirety for plaintiff's failure to comply with four of the court's discovery orders. The violation of the district court's discovery orders were as follows.

Defendant JLC served interrogatories and requests for production of documents on plaintiff on February 4, 1993. As a result of plaintiff's refusal to respond to that discovery request, defendant filed a motion to compel on May 20, 1993. On June 8, 1993, a magistrate entered the first discovery order, man-

dating that plaintiff "[p]rovide JLC the documents it has requested and respond to defendant's interrogatories on or before Monday, June 14, 1993."

Plaintiff failed to comply with this first discovery order. Therefore, defendant filed a second motion to compel on August 14, 1993. On September 15, 1993, a second discovery order was entered by the magistrate, compelling plaintiff to serve answers to defendant's interrogatories and to provide all documents plaintiff had previously withheld within seven days. Plaintiff failed to comply with the magistrate's second discovery order.

As a result of plaintiff's repeated failures to cooperate in discovery, defendant JLC entered a motion to dismiss for failure to comply with discovery. A hearing on defendant's motion to dismiss was held on October 20, 1993 before the magistrate. On October 22, 1993, the magistrate issued a third order and conditional report and recommendation to dismiss the complaint for failure to comply with discovery. In this order, plaintiff was given seven days in which to produce all the documents which she had been ordered to produce twice before. The order further ordered plaintiff's deposition to be taken within 20 days, specifically stating that "plaintiff is to be available each day so that the scheduling of this matter is only affected by the availability of the lawyers. Plaintiff's lawyer is also ordered to be available as necessary to take this deposition. It is recommended that if either or both of these events (providing documents and taking plaintiff's deposition) do not occur, the judge should dismiss this case with prejudice as a sanction for plaintiff and plaintiff's counsel's failure to cooperate in discovery." Plaintiff did not respond to this order.

On October 28, 1993, defendant JLC served notice for plaintiff's deposition to be taken on November 5, 1993, commencing at 9 a.m. Service was accomplished by hand delivery and by fax. Plaintiff did not file a motion to quash or a motion for a protective order. At the eleventh hour, plaintiff's counsel indicated that he and plaintiff would not be able to attend the deposition. At about 9:30 a.m. on November 3, 1993, less than 48 hours before her properly noticed deposition was to take place and nine days after service of the deposition notice, plaintiff's counsel faxed a letter to defendant stating that plaintiff would not be available to be deposed until 2 p.m. on November 5, 1993, because an evidentiary hearing was scheduled on November 5th in state court in an unrelated state case at 11 a.m. The state case was captioned *Ziegler v. Berutti* (hereinafter, "*Ziegler*"). At about 1:30 p.m. on November 3, 1993, plaintiff's counsel sent a second letter to defendant indicating that plaintiff would not be able to appear for the deposition until 2 p.m. on November 5th because of a serious cardiovascular condition, and also stating that plaintiff could not be deposed for "more than a couple of hours." Attached to plaintiff's second letter was an October 29, 1993 letter, purportedly from plaintiff's doctor, which stated that plaintiff had been advised to "reduce her work schedule to one court case per day." However, this letter was not signed by plaintiff's doctor. Defendant's counsel immediately wrote back to plaintiff's counsel informing him that defendant JLC would be willing to begin plaintiff's deposition at 8 a.m. on November 5, 1993, then break from 10:30 a.m. until 1 p.m. so that plaintiff could attend the *Ziegler* hearing in state court, and then resume at 1:00 p.m. until the deposition was completed. On November 4, 1993, on the day before the deposition was to begin and after defendant's legal representatives had traveled to Detroit from Minneapolis and Oklahoma, plaintiff's counsel faxed a letter to defendant's local counsel stating that plaintiff would not appear until 2 p.m. on November 5th, and again stated that the deposition would have to be limited in duration because of her health.[1]

On November 5, 1993, plaintiff did not appear for her deposition at 8 a.m., 9 a.m., or at any time. An emergency hearing was

---

1. Plaintiff does not mention in her appellate brief before this court these purported medical problems and has apparently abandoned this excuse in regard to why she did not attend the deposition. The only evidence presented to the district court regarding her medical condition was a report from her psychologist that indicated she was "functioning quite well" and no longer had symptoms of depression.

held before the magistrate that afternoon in which defendant renewed its motion to dismiss. The magistrate determined that plaintiff had once again willfully failed to comply with the court's discovery orders. The magistrate found that plaintiff failed to comply with four discovery orders of the court, failed to appear for a properly noticed deposition, and never sought any type of protective order from the court. The magistrate therefore entered an unconditional recommendation to dismiss the case for plaintiff's repeated failure to comply with the court's orders. In the recommendation to dismiss, the magistrate found that plaintiff had purposely failed to cooperate in discovery and had, without cause, failed to comply with all previous orders of the court.

On March 10, 1994, a hearing was held before the district court judge in regard to plaintiff's objection to the magistrate's recommendation of dismissal. The district court reviewed the events leading up to the magistrate's recommendation for dismissal and found that plaintiff had failed to timely provide answers to interrogatories as ordered by the court, failed to provide all relevant documents or to make documents available to defendant as ordered by the court, and failed to make herself available for a deposition on November 5, 1993, as ordered by the court.

On August 22, 1994, the district court entered an order adopting the magistrate's report and recommendation and dismissed plaintiff's complaint with prejudice for plaintiff's willful disregard of the district court's four previous discovery orders. Plaintiff timely filed an appeal.

## II.

On appeal, plaintiff argues that the district court erred in dismissing the complaint as a sanction for plaintiff's repeated and willful violation of the court's discovery orders.

■ An order of the district court dismissing an action under Rule 37(b), Fed.R.Civ.P., for willful failure to cooperate in discovery is reviewed under an abuse of discretion standard. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976); *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir.1988) ("if a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion"). Under Fed.R.Civ.P. 37(b)(2)(C), a district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990). The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future. *National Hockey League*, 427 U.S. at 642–43, 96 S.Ct. at 2780–81. According to this court in *Brookdale Mill, Inc. v. Rowley*, 218 F.2d 728, 729 (6th Cir.1954), dismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is due to willfulness. A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order. *Id.*

■ In *Bank One of Cleveland*, 916 F.2d at 1073, this court has identified four factors which should be considered when reviewing a decision by a district court to dismiss a case under Rule 37. The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; the third factor is whether the dismissed party was warned that failure to cooperate could lead to dismissal; and the fourth factor is whether less drastic sanctions were imposed or considered before dismissal was ordered.

■ We find that all of the factors necessary to support the district court's dismissal for failure to comply with discovery orders are present in this case. First, the record supports the district court's determination that plaintiff's failure to comply with discovery orders was intentional and did not arise from an inability to comply, as plaintiff argues. Plaintiff's counsel admitted in the hearing before the magistrate that plaintiff failed to turn over all documents requested in

the court's June 8, 1993 and September 15, 1993 discovery orders. Plaintiff's counsel also admitted before the district court that plaintiff had never complied with the court's order to produce tape recordings to JLC although he had represented to the magistrate on October 10, 1993 that all requested documents would be produced to defendant by October 27, 1993.

There is also evidence that plaintiff willfully failed to attend her properly noticed deposition on November 5, 1993 at 9 a.m. as ordered by the district court. Plaintiff's claim that she was required to attend an evidentiary hearing in the *Ziegler* matter at the same time in state court and her claim that she could not be present because of her alleged medical condition were properly rejected by the district court. The magistrate contacted the state court and found that no evidentiary hearing was held on November 5, 1993 because plaintiff had previously fired her attorney. The state court record indicates that plaintiff fired her attorney in the *Ziegler* matter prior to November 5, 1993. On November 2, 1993, plaintiff signed an order allowing substitution of attorneys. The record indicates that on November 5, 1993, the state court merely performed a perfunctory execution of the order of withdrawal of plaintiff's attorney. Therefore, it was clear that plaintiff was aware that there would be no evidentiary hearing requiring her presence in state court on November 5, 1993. Moreover, the record does not support plaintiff's contention that the state court hearing was ordered for 9 a.m., rather than 11 a.m.

Defendant also presented evidence to the district court that plaintiff's alleged medical condition was a subterfuge and would not have interfered with her ability to be deposed on that day. A report from plaintiff's doctor, written more than eight months prior to plaintiff's scheduled deposition, stated that plaintiff no longer had symptoms of depression and was ready to move forward. Plaintiff offered no evidence, signed by a doctor, to the contrary. There is thus ample evidence to support the district court's determination that plaintiff's failure to appear at the deposition at 9 a.m. on November 5, 1993 was willful and not due to circumstances beyond her control.

▮ In regard to the second factor, plaintiff's repeated failure to cooperate in discovery was unfairly prejudicial to defendant. Plaintiff had refused for over a year to completely answer interrogatories and to produce documents or tapes relevant to the allegations in her complaint, which prevented defendant from gathering evidence to support its defense. Moreover, as of the final order of dismissal, eighteen months after defendant had served its discovery request, plaintiff still had not tendered a complete set of discovery responses nor had she tendered all required documents and tape recordings to defendant. Also, plaintiff's deposition still has not been taken more than three years after the events underlying this lawsuit. Therefore, many of defendant's witnesses are no longer with the company, and defendant would be unfairly prejudiced.

▮ In regard to the third factor, plaintiff was amply warned that her continued failure to comply with the court's discovery orders would result in the case being dismissed. At the October 10, 1993 hearing on defendant's third motion to compel and motion to dismiss, the magistrate informed plaintiff's counsel that he had previously failed to comply with the court's discovery orders and that if he did not comply with the most recent order, which demanded that he provide defendant with all requested documents and provide the plaintiff for deposition before November 9, 1993, the magistrate would recommend that the case be dismissed. Also in her order and conditional report and recommendation, the magistrate specifically recommended that if plaintiff failed to comply with the order to provide documents and make the plaintiff available for deposition, the case would be dismissed with prejudice as a sanction for failure to cooperate. Thus, plaintiff was sufficiently warned of the sanction of dismissal.

In regard to the fourth factor, the magistrate had imposed previous less drastic sanctions in lieu of dismissing the case. On October 10, 1993, the court imposed monetary sanctions against plaintiff for her failure to cooperate by ordering plaintiff to pay the

costs of producing documents to defendant. However, this sanction did not have the desired effect and plaintiff still refused to cooperate with discovery.

For these reasons, the district court's dismissal order was an appropriate final sanction for plaintiff's repeated and willful refusals to cooperate in discovery. As the court stated in *Thomas v. Victoria's Secret Stores,* 141 F.R.D. 456, 458–59 (S.D.Ohio 1992), "where a party demonstrates bad faith by failing to meet dates set by the Court for compliance with discovery, despite being warned about possible sanctions, the Court does not abuse its discretion in finding that such 'callous disregard' of discovery orders justifies dismissal."

Plaintiff focuses on the argument that dismissal was inappropriate because she was unable to attend her deposition on November 5, 1993. However, plaintiff's focus is inappropriate because the dismissal was based on her continuing pattern of noncompliance with discovery rather than on a single instance of misconduct. Plaintiff's argument that she did not violate the court's order because "she was in fact available on the date for which the deposition was noticed" has no merit. The district court's October 22, 1993 order clearly required that plaintiff be available to be deposed on any day noticed by defendant between October 22nd and November 9, 1993. Defendant properly noticed plaintiff's deposition to take place at 9 a.m. on November 5, 1993. There was not a good faith compliance with the court's October 22nd order when plaintiff's counsel unilaterally stated that plaintiff would not be present until 2 p.m. on November 5, 1993 to be deposed for "a couple of hours." Defendant's lead counsel from Oklahoma and corporate counsel and a paralegal from Minneapolis, who had traveled to Detroit for plaintiff's deposition at considerable expense, were being asked to incur even more expense by delaying plaintiff's deposition over the weekend and by taking the deposition in only two-hour increments. The evidence does not support plaintiff's purported reasons for making such unilateral demands. Therefore, the district court properly found that plaintiff's offer to go forward with the deposition at 2 p.m. on November 5, 1993 was too little, too late. *Regional Refuse,* 842 F.2d at 156 ("misconduct is not any less misconduct because it is executed under a veneer of good intentions"). Plaintiff's failure to appear for her deposition, like her previous repeated failures to cooperate in discovery, was willful and purposeful and not the result of plaintiff's inability to appear due to circumstances beyond her control. For these reasons, the district court properly dismissed her complaint with prejudice.

### III.

To conclude, the opinion of the district court is hereby AFFIRMED.