81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Grace Marie MULDROW, Plaintiff-Appellant,
v.
FEDERAL EXPRESS CORPORATION; Graham R. Smith; Louis
Donnell Daniell; Stephen G. Hoffman, Defendants-Appellees.
 No. 94-6155.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1996.
 
 Before: LIVELY, MARTIN and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Grace Marie Muldrow, proceeding pro se, appeals a district court order dismissing her complaint pursuant to Fed.R.Civ.P. 37 and 41. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Muldrow filed this suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Seeking reinstatement, a promotion, and damages in the amount of $300,000 per defendant, Muldrow asserted that the individual defendants, as her supervisors at Federal Express Corporation, subjected her to sexual harassment during her employment with that company. The district court granted the defendants' motion to dismiss under Rules 37 and 41, and dismissed the complaint with prejudice. On appeal, Muldrow reasserts the claims set forth in her complaint and accuses the district court judge of being biased.
 
 
 3
 A judgment dismissing a complaint pursuant to Rule 37(b) or Rule 41(b) is reviewed for an abuse of discretion. Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir.1995); Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.1991); Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980) (per curiam).
 
 
 4
 The district court did not abuse its discretion in dismissing this case. The defendants presented sufficient evidence to establish that: 1) Muldrow's failure to cooperate in discovery was due to willfulness and bad faith; 2) the defendants were prejudiced by Muldrow's failure to cooperate in discovery; 3) Muldrow was warned that her failure to cooperate could lead to dismissal; and 4) less drastic sanctions were imposed or considered before a dismissal was ordered. Bass, 71 F.3d at 241. Thus, this court will not disturb the district court's decision to dismiss the complaint under Rules 37 and 41.
 
 
 5
 The district court could properly dismiss this lawsuit without giving special consideration to the plaintiff's pro se status, because the plaintiff showed a clear pattern of delay. Jourdan, 951 F.2d at 110. Even though Muldrow may have been entitled to some additional latitude, as a pro se plaintiff, there was no cause for extending this margin to the straightforward procedural requirements given by the district court in this case, that a layperson could comprehend as easily as a lawyer. Jourdan, 951 F.2d at 109.
 
 
 6
 Lastly, there is no factual support for Muldrow's conclusory allegation that the district court was biased against her because of her race. Thus, Muldrow has failed to meet her burden of showing that the judge relied upon material and relevant knowledge acquired outside the judicial proceedings or that he displayed deep-seated and unequivocal antagonism that would have rendered a fair judgment impossible, requiring the judge to recuse himself from her case. Liteky v. United States, 114 S.Ct. 1147, 1157-58 (1994).
 
 
 7
 Accordingly, the district court's order dismissing this complaint is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.