Paula MATHEWS, Plaintiff,

v.

U.S. SHOE CORPORATION, Defendant.

No. 96–CV–6185L.

United States District Court,
W.D. New York.

Nov. 25, 1997.

Paula Mathews, Rochester, NY, Pro se.

Craig R. Benson, Rains & Pogrebin, P.C., Mineola, NY, for Defendant.

---

### DECISION AND ORDER

LARIMER, Chief Judge.

Plaintiff, Paula Mathews, appearing *pro se,* commenced this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112–12117, on April 17, 1996. The complaint alleges that defendant U.S. Shoe Corporation, her former employer, discriminated against her on account of her disability, the nature of which is not stated in the complaint.

Defendant has moved to dismiss the complaint pursuant to Rules 37(b)(2), 37(d), and 41(b) of the Federal Rules of Civil Procedure. The basis for the motion is plaintiff's failure to comply with both defendant's discovery requests and an order issued by Magistrate Judge Jonathan W. Feldman on June 3, 1997, and plaintiff's failure to prosecute the action. Plaintiff has not responded to the motion to dismiss. For the reasons that follow, defendant's motion is granted and the complaint is dismissed.

### DISCUSSION

On June 17, 1996, I referred this case pursuant to 28 U.S.C. § 636(b)(1) to Magistrate Judge Feldman to supervise discovery and to issue a scheduling order. On October 7, 1996, he issued a scheduling order setting April 1, 1997 as the deadline for completion of factual discovery.

Defendant alleges, and has provided documentary evidence of, the following circumstances. Plaintiff was served with defendant's interrogatories, a request for production of documents, and a notice of deposition on December 4, 1996. Defendant's attorney, Craig R. Benson, states in an affirmation that he telephoned plaintiff on December 19, 1996, and that she informed him that she had not received the discovery requests. Benson mailed her another copy of the requests that same day, and rescheduled her deposition from February 4, 1997 to February 13.

Benson further states that on January 21, 1997, he again telephoned plaintiff, and that she told him that she had not even looked at defendant's discovery requests. Later that day, plaintiff and Benson participated in a telephone conference with Magistrate Judge Feldman, who instructed plaintiff to comply with defendant's discovery requests, and to give defendant a specific date by which she would do so. Plaintiff did not comply with that directive, and never contacted defendant.

On March 21, 1997, therefore, Benson sent plaintiff a letter requesting that she sign an enclosed stipulation of discontinuance, and advising her that if she did not do so, Benson would be forced once again to seek judicial intervention regarding her failure to comply with defendant's discovery requests and with Magistrate Judge Feldman's directives. Plaintiff did not respond. On April 2, 1997, Magistrate Judge Feldman scheduled a telephone conference for April 9. Plaintiff did not appear or call in for the conference.

On May 2, defendant moved before Magistrate Judge Feldman to enlarge the discovery deadline, to compel discovery, and for sanctions. On June 3, the Magistrate Judge issued an order granting the motion to enlarge the discovery deadline and to compel

discovery. The Magistrate Judge ordered plaintiff to comply with defendant's discovery requests within thirty days of the date of issuance of the order, and warned plaintiff that if she failed to do so, the action would be subject to dismissal for failure to prosecute.

The order also directed defendant to serve a copy of the order on plaintiff by registered mail, return receipt requested. Defendant did mail a copy of the order to plaintiff at the address listed in her complaint (plaintiff has never advised the court of any change of address), but it was returned by the Postal Service marked, "unclaimed." [1] On July 10, Benson wrote to Magistrate Judge Feldman informing him of this. Benson states that he was informed by Magistrate Judge Feldman's chambers that they had been similarly unsuccessful in attempting to contact plaintiff.

Defendant filed the motion to dismiss on October 17, 1997. Defendant relies in part upon Rule 37(b)(2), which provides that "[i]f a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may [issue an order] dismissing the action ..." Defendant also cites Rule 37(d), which states that if a party fails to appear for a deposition after receiving proper notice, or fails to serve answers or objections to interrogatories, the court may make any of the orders authorized in subsection (b)(2). The motion is also based on Rule 41(b), which provides that the court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court ...," and that "a dismissal under this subdivision ... operates as an adjudication upon the merits." The criteria for imposing sanctions, including dismissal, are generally the same under all these rules. *Lucien v. Breweur,* 9 F.3d 26, 29 (7th Cir.1993).

■ On the record before me, I find that dismissal under these provisions is certainly warranted in this case. Plaintiff has ignored the several court orders issued and has failed to prosecute the action. I recognize that dismissal with prejudice is a harsh remedy, and should be used sparingly. *Lyell Theatre*

*Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir.1982). Nonetheless, "[t]he use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.,* 71 F.3d 237, 241 (6th Cir.1995) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642–43, 96 S.Ct. 2778, 2780–81, 49 L.Ed.2d 747 (1976)). This case warrants dismissal.

■ In considering whether dismissal is warranted, the court should consider:

■ the duration of plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] ... the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] ...the efficacy of lesser sanctions.

*Alvarez v. Simmons Mkt. Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988) (Rule 41(b) dismissal). In addition, dismissal for failure to obey discovery orders is appropriate only when the plaintiff's actions are the result of "wilfulness, bad faith or any fault" of the plaintiff. *Jones v. Niagara Frontier Transp. Auth. (NFTA),* 836 F.2d 731, 734 (2d Cir.1987), *cert. denied,* 488 U.S. 825, 109 S.Ct. 74, 102 L.Ed.2d 50 (1988)..

Considering these factors in the case at bar, it is plain that dismissal is appropriate. Plaintiff's failure—or rather, her apparent refusal—to comply with the Federal Rules of Civil Procedure, with properly served discovery requests, and with court orders, has been total. There is no indication that she has made any attempt whatsoever to comply with defendant's discovery requests, and she has not even responded to defendant's motion to dismiss. It appears, therefore, that her failure in this regard is the result of wilfulness and bad faith. Moreover, Magistrate Judge Feldman's June 3 order quite clearly warned

---

1. Local Rule 5.3(d) states that "[i]t is the responsibility of a *pro se* litigant to inform the Court of any change of address. Failure to do so may result in dismissal of the case with prejudice."

plaintiff that her failure to comply with defendant's discovery requests within thirty days could subject her action to dismissal for failure to prosecute. The Second Circuit "ha[s] upheld '[t]he severe sanction of dismissal with prejudice ... even against a plaintiff who is proceeding *pro se,* so long as a warning has been given that noncompliance can result in dismissal.'" *Baba v. Japan Travel Bureau Int'l, Inc.,* 111 F.3d 2, 5 (2d Cir.1997) (quoting *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994)). Although the copy of the order that defendant mailed to plaintiff was apparently never received by her, that is no fault of defendant's, and can only be attributed either to plaintiff's deliberate failure to claim the letter, or her failure to advise the court of a change of address.

Defendant has also been prejudiced by plaintiff's inaction. Obviously, defendant cannot defend against plaintiff's suit without obtaining some discovery to explore the relevant facts and the precise nature of plaintiff's claims. Moreover, the more time passes, the more difficult it may become to obtain meaningful discovery, as evidence is lost or forgotten and potential witnesses leave defendant's employ or move away. I also do not believe that some less severe sanction would be useful here, since plaintiff appears to have little regard for any court orders.

 The fact that plaintiff is proceeding *pro se* is not enough to spare her case from dismissal under these circumstances. "[A]ll litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 123 (2d Cir.1988). *See also Baba,* 111 F.3d at 5 (affirming dismissal of *pro se* complaint for failure to comply with discovery orders); *Lindsey v. Loughlin,* 616 F.Supp. 449, 453 (E.D.N.Y.1985) (dismissing *pro se* plaintiff's case under Rule 41(b) because of plaintiff's failure to appear at scheduled conferences, maintain contact with the court, or take other action to prepare case for trial). Plaintiff has no more right to disobey court orders than a party represented by an attorney, and her *pro se* status does not immunize her from the sanctions authorized by the Federal Rules.

## CONCLUSION

Defendant's motion to dismiss the complaint (Item 13) is granted, and the complaint is dismissed with prejudice.

IT IS SO ORDERED.