**Kathy W. COLEMAN, Plaintiff–Appellant,**

v.

**CLEVELAND CITY SCHOOL DISTRICT, et al., Defendants–Appellees.**

**No. 00–3397.**

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

Before CLAY and GILMAN, Circuit Judges; WISEMAN, District Judge.*

*ORDER*

Kathy W. Coleman appeals a district court judgment that dismissed her employment discrimination complaint filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Coleman filed a series of three civil complaints by counsel in the Cuyahoga County, Ohio, Court of Common Pleas as well as one civil complaint in the district court in which she alleged that she experienced discrimination and ultimately was fired from her job with the Cleveland School

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

District because of her race and sex and in retaliation for protected conduct. Plaintiff named as defendants in these actions the Cleveland School District, numerous employees of the district, and others associated with the district. Defendants removed the state actions to the district court, and all of plaintiff's actions were consolidated.

The record reflects numerous difficulties with the discovery process due in large part to the withdrawal of a succession of attorneys plaintiff engaged to represent her. Eventually, defendants moved to dismiss the case citing plaintiff's failure to cooperate in discovery. After the deadline for plaintiff to respond to defendants' motion to dismiss passed, the district court extended the deadline and directed plaintiff to respond to defendants' motion. After a second extension, plaintiff responded to opposition. Next, the district court convened a scheduled status conference, but plaintiff failed to appear. The district court ordered plaintiff to show cause why she should not be sanctioned and rescheduled the status conference. At the ensuing conference, plaintiff refused to agree to a discovery schedule and left the conference despite the district court's instruction that she remain. The district court subsequently issued a discovery schedule and warned plaintiff that failure to comply may result in dismissal pursuant to Fed. R.Civ.P. 37. Contemporaneously, the district court denied defendants' motion to dismiss.

Defendants again moved to dismiss plaintiff's action for her failure to cooperate in discovery, and plaintiff responded in opposition. After defendants filed a reply, the district court granted defendants' motion and dismissed plaintiff's action. Plaintiff filed a timely notice of appeal.

The district court cited both Fed. R.Civ.P. 37 and 41(b) in its judgment dismissing plaintiff's case. Generally, this court reviews a district court judgment dismissing an action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) only for an abuse of discretion. *See Coleman v. American Red Cross,* 23 F.3d 1091, 1094 (6th Cir.1994); *Little v. Yeutter,* 984 F.2d 160, 162 (6th Cir.1993). Similarly, imposition of a sanction for failure to cooperate in discovery under Fed.R.Civ.P. 37 is reviewed for an abuse of discretion. *See Bass v. Jostens, Inc.,* 71 F.3d 237, 241 (6th Cir.1995). Under either standard, we conclude that the district court's judgment was fully warranted under the circumstances of this case for the reasons stated by the district court in its memorandum opinion and order filed February 24, 2000.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.