Robert L. VOIT, Plaintiff–Appellant,

v.

JEFFERSON COUNTY SHERIFF'S DEPARTMENT; Tony Ford; Jim Hunt; David Brown; Individually and in their official capacities; John Does, 1–100, Defendants–Appellees.

No. 01–5887.

United States Court of Appeals, Sixth Circuit.

March 21, 2002.

Before BATCHELDER and CLAY, Circuit Judges; CARR, District Judge.*

*ORDER*

Robert L. Voit, a California resident proceeding pro se, appeals a district court judgment granting the defendants' motion to dismiss filed pursuant to Fed.R.Civ.P. 37. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory and punitive damages, Voit filed a civil rights action under 42 U.S.C. § 1983 against the Jefferson County (Kentucky) Sheriff's Department, three deputy sheriffs (Brown, Ford, and Hunt), and 100 John Does. Voit alleged that Brown, Ford, and Hunt violated his constitutional right to be free from unreasonable seizure by arresting him without probable cause in the Jefferson County Courthouse on January 16, 1998. Voit, who was charged with two counts of disorderly conduct and failure to show a driver's license to deputies, was held in jail for approximately 26 hours. The charges were ultimately dismissed on May 13, 1998, and this action was subsequently filed.

The district court referred all pretrial matters to a magistrate judge, who con-

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

ducted several scheduling hearings and status conferences by telephone, as Voit was now residing in California. Discovery commenced and, during a telephonic status conference conducted on October 27, 2000, the magistrate judge directed Voit to appear in person for a deposition to be conducted by the defendants before December 1, 2000. The defendants sent Voit a letter suggesting six possible dates for the deposition and requesting Voit to choose the date most convenient for him. Instead, Voit sent his own "notice of deposition" to be conducted by telephone on November 27, 2000, one of the dates suggested by the defendants. The defendants replied by certified letter that, pursuant to the magistrate judge's oral order, Voit was to present himself in person for deposition and noticed the deposition for November 30, 2000, in the law offices of defense counsel. On November 27th, someone professing to be a California attorney assisting Voit called defense counsel and stated that Voit was ready for his deposition. Defense counsel objected and informed the attorney (who had attempted involvement in the case before yet failed to comply with the magistrate judge's prior instructions to enter an appearance) that if Voit did not appear for his deposition on November 30th, the defendants would move for dismissal of the case. Voit failed to appear on November 30th and, on December 13, 2000, the defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 16(f) and 37(d). The magistrate judge ordered Voit to respond to the motion to dismiss and directed both parties to file briefs regarding the issue of Voit's right to the assistance of legal counsel who has not entered an appearance of record. That matter was set for hearing before the court in Louisville, Kentucky, on January 9, 2001. Voit was directed to attend this hearing in person.

Voit filed a brief opposing the defendants' motion to dismiss on the grounds that the November 30th deposition was a "second deposition" which could not be taken without leave of court, and that depositions are normally taken near the residence of the witness. In addition, he submitted a "Notice of Waiver of Personal Appearance" as to the January 9th hearing, which was delivered to the court one hour before the hearing.

The magistrate judge thereupon issued an order directing Voit to show cause why his suit should not be dismissed pursuant to Fed.R.Civ.P. 16(f) and 37(b)(2), to which Voit responded. Nonetheless, the magistrate judge recommended that Voit's lawsuit be dismissed after a thorough analysis in his findings of fact and conclusions of law. Following a *de novo* review, the district court overruled Voit's objections and dismissed this action with prejudice.

On appeal, Voit argues that his complaint was improperly dismissed because: (1) Rule 37(d) does not provide sanctions for failure to attend a second deposition unless leave to conduct a second deposition has been sought and granted; (2) Rule 37(b)(2) does not provide sanctions for failure to appear at a deposition unless an order has been entered commanding appearance; and (3) Rule 16(f) does not provide sanctions for failure to attend a court event unless it is a pretrial conference as defined by that rule.

A district court's judgment dismissing an action pursuant to Fed.R.Civ.P. 37(b)(2) for willful failure to cooperate in discovery is reviewed for abuse of discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Harmon v. CSX Transp. Inc.,* 110 F.3d 364, 366–67 (6th Cir.1997); *Bass v. Jostens, Inc.,* 71 F.3d 237, 241 (6th Cir.1995). Upon review, we conclude that the district

court did not abuse its discretion in this case and find Voit's specific issues on appeal to be meritless.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.