NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0389n.06

Case No. 22-5448

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 21, 2023
DEBORAH S. HUNT, Clerk

GLENN WHITING, et al., )
)
    Plaintiffs - Appellants, )
)
                                  )   ON APPEAL FROM THE UNITED
v.                              )   STATES DISTRICT COURT FOR THE
)  EASTERN DISTRICT OF TENNESSEE
CHRIS TREW, et al., )
)
    Defendants - Appellees. )                       OPINION
)
)

Before: MOORE, CLAY, and GIBBONS, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. The City of Athens (the "City") condemned a building. Glenn Whiting, ARD Properties, and ARD Property Management (entities collectively hereafter "ARD") sued the City, City Manager Seth Sumner, and City Attorney Chris Trew, claiming that the condemnation was retaliation against Whiting's exercise of his First Amendment right to criticize the City. A jury returned a verdict in favor of the City. Whiting and ARD appeal, saying the district court committed numerous errors during the discovery, summary judgment, and trial phases. Their arguments are without merit, and we affirm.

I.

ARD, a common-law irrevocable trust with which Whiting is associated,[1] owned a property (the "Property") at 213 Pope Avenue in Athens, Tennessee. After years of complaints about the

---

[1] Whiting's precise relationship to ARD is not entirely clear from the record. The district court determined that Whiting was never a trustee or beneficiary of ARD. No party challenges that determination on appeal. Nevertheless, Whiting appears to have had an informal arrangement with

condition of the Property, the City undertook a process to condemn a commercial building (the "Building") that occupied it. City Attorney Chris Trew prosecuted the condemnation action, and City Manager Seth Sumner presided over the hearing. No one appeared on behalf of the property owner or any of the plaintiffs in this case at the hearing. The condemnation proceeding was thus uncontested, and the hearing officer directed that the building be demolished.

During approximately the same period, Whiting repeatedly attended city council meetings to complain about how the City was handling a separate criminal investigation into the theft of a vehicle parked on the Property. Whiting also informed the City that he planned to hang a sign critical of its investigation into the vehicle theft on the side of another building in Athens.

After the City ordered demolition of the Building, Whiting[2] and ARD sued the City, Sumner, and Trew in federal district court. They sought damages and declaratory and injunctive relief based on the City's alleged retaliation against Whiting's speech in violation of the First Amendment.

During discovery, the plaintiffs-appellants took the depositions of a total of twelve witnesses: the ten permitted by default under Federal Rule of Civil Procedure 30(a)(2)(A)(i), and two more to which the defendants-appellees consented. The plaintiffs-appellants then moved to depose seven additional employees of the City including City Chief of Police Cliff Couch and City Mayor Chuck Burris. They asserted that Couch attended weekly meetings of the City's leadership, at one of which there was an argument about an awning owned by the plaintiffs-appellants. The plaintiffs-appellants also argued that Burris knew about an incident in which the City treated two

---

the trustees of ARD, to whom he is related by marriage, under which he financially contributed to the purchase of the Property and functioned as though he were a trustee in certain respects.

[2] Whiting describes himself as "executor" of ARD. DE 159, Am. Compl., Page ID 2754. It is unclear what he means by use of this term in this context.

2

councilmembers disparately for allegedly political reasons. The district court denied the requested depositions of Burris and Couch, finding their proposed focus to be too peripheral to the case to justify the burden on the City.

The plaintiffs-appellants also moved for discovery sanctions. They argued that Sumner intimidated a witness by disciplining a City employee for discussing the case with Whiting. Relatedly, they said that the City withheld a disciplinary memorandum penalizing the employee for the discussion with Whiting. The plaintiffs-appellants also argued that the City intentionally delayed production of photographs of the Property that City employees had taken while Whiting was in a meeting with City officials. The district court denied the motions, finding that the plaintiffs-appellants failed to show that the defendants-appellees intimidated witnesses or withheld requested discovery.

After the close of discovery, the defendants-appellees moved for summary judgment. The district court granted summary judgment based on qualified immunity with respect to the claims against Sumner and Trew in their individual capacities. The district court also granted summary judgment as to the claims brought by ARD because ARD never engaged in protected speech.[3] But the district court denied summary judgment with respect to Whiting's First Amendment claims against the City (including against Sumner and Trew in their official capacities).

A first jury trial on these remaining claims resulted in a mistrial. At the second trial, which resulted in the defense verdict from which this appeal is taken, Whiting moved to exclude certain

---

[3] At summary judgment, the plaintiffs-appellants' theory of ARD's protected speech was that ARD had spoken through Whiting, whom they represented to be a trustee of ARD. For purposes of deciding the motion for summary judgment, the district court did not question whether Whiting was a trustee, and instead held that a trustee's speech, without more, does not establish that the trust has engaged in protected speech for purposes of a First Amendment retaliation claim. Subsequently, the district court also determined that Whiting was never a trustee.

photographs depicting the Property's poor condition as well as reports of complaints about the Property submitted to the City. The district court denied the motion. The district court also sustained the City's objection to evidence that Sumner fired other City employees in incidents unrelated to Whiting, ARD, or the Property.

Regarding the elements of the First Amendment retaliation claim, the district court instructed the jury that Whiting "generally [would] not be able to satisfy his burden to prove causation if [C]ity officers had probable cause to . . . condemn and demolish [the Building]," "[e]ven if [the City's] actions were motivated in part by retaliation for [Whiting's] protected speech or activities[.]" DE 249, Tr., Page ID 6966. "However," the district court continued, "if . . . [Whiting] shows that the officials typically exercised their discretion not to . . . condemn or demolish buildings under similar circumstances, plaintiff can still prove causation." *Id.*

The jury returned a verdict in favor of the City. Plaintiffs-appellants timely appealed from both the jury's verdict and the district court's earlier grant of summary judgment. On appeal, the plaintiffs-appellants attempted to introduce into the record a new declaration by Mayor Burris stating that "the City condemned the Pope avenue [sic] building as a vindictive retaliation against Mr. Whiting." CA6 R. 36-2, Burris Decl., at 1. Pursuant to Federal Rule of Appellate Procedure 10(a), the clerk of court instructed the plaintiffs-appellants that the Burris Declaration could not be included in the record on appeal because it was never filed in the district court.

II.

Although no party contests jurisdiction, we have an independent obligation to consider our subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (6th Cir. 2010). In this case, there is a colorable issue as to Whiting's Article III standing. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (requiring standing for "persons seeking appellate review"). Because Whiting

4

apparently has no formal relationship to ARD, it is not clear that the City's condemnation of the Building injured him monetarily. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) ("monetary harms" "readily qualify" for standing). Nevertheless, we conclude that Whiting has standing because his claim that the City retaliated against his exercise of his First Amendment rights qualifies as an injury even in the absence of monetary harm. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (holding that "intangible injuries," such as those involving free speech rights, "can . . . be concrete" so as to satisfy Article III's standing requirements); *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009) (intangible harm to free speech rights constitutes injury satisfying Article III); *but see Laird v. Tatum*, 408 U.S. 1, 13 (1972) ("subjective chill" insufficient for standing as to First Amendment claim).

III.

We review a district court's grant of summary judgment de novo. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We review a district court's discovery and evidentiary rulings for abuse of discretion. *Doe v. Lexington-Fayette Urb. Cnty. Gov't*, 407 F.3d 755, 760-61 (6th Cir. 2005); *Frye v. CSX Transp., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019). We also review challenges to jury instructions for abuse of discretion, asking whether the jury instructions as a whole "were confusing, misleading, or prejudicial." *Johnson Controls, Inc. v. Jay Indus., Inc.*, 459 F.3d 717, 726 (6th Cir. 2006) (quoting *Hisrich v. Volvo Cars of N. Am., Inc.*, 226 F.3d 445, 449 (6th Cir. 2000)).

IV.

The plaintiffs-appellants argue that the district court erred when it denied their motion to depose Burris and Couch. Under Federal Rule of Civil Procedure 30(a)(2)(A)(i), depositions in excess of ten to which the parties do not stipulate require leave of the district court. The district court must grant leave to the extent consistent with Rule 26(b), which requires the district court to consider (among other factors) "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Some district courts in this circuit have interpreted Rule 30 to require a "particularized showing" that more than ten depositions are necessary. *See Talismanic Props., LLC v. Tipp City*, 309 F. Supp. 3d 488, 497 (S.D. Ohio 2017) (quoting *Moore v. Abbott Labs.*, No. 2:05-CV-1065, 2009 WL 73876, at *1 (S.D. Ohio Jan. 8, 2009)). In this case, we need not decide whether that precise standard applies, because even under the most lenient reading of the interplay between Rule 26 and Rule 30, the district court did not abuse its discretion in denying the depositions at issue.

The district court determined that the plaintiffs-appellants had not shown that Couch had any special knowledge concerning the awning dispute, the importance of which was marginal to the case in any event. The district court also determined that the disparate treatment of councilmembers about which the plaintiffs-appellants hoped to depose Burris was not relevant to the case. Thus, the district court held that the Rule 26(b) factors weighed against granting leave to conduct these additional depositions. These determinations were within the district court's sound discretion. *See Doe*, 407 F.3d at 765.

On appeal, the plaintiffs-appellants abandon the theories they presented to the district court concerning the need to depose Burris and Couch. Instead, they rely on subsequent developments including the Burris Declaration and a lawsuit Couch has filed against the City following Couch's

6

termination. Because the plaintiffs-appellants never presented these contentions or any supporting evidence to the district court, we decline to consider them on appeal. *See* Fed. R. App. P. 10(a) (limiting record on appeal to district court record); *Sault Ste. Marie Tribe of Chippewa Indians v. United States*, 288 F.3d 910, 915 (6th Cir. 2002) ("Normally, an issue not raised below may not be raised on appeal.").

The plaintiffs-appellants also argue that the district court abused its discretion in denying their motions for sanctions for the defendants-appellees' alleged failure to produce relevant photographs and intimidation of witnesses. Federal Rule of Civil Procedure 37 provides for sanctions for parties that fail to meet their discovery obligations. If a discovery violation has occurred, a district court should consider "(1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction; and (4) whether less drastic sanctions [could] have been imposed or ordered." *Phillips v. Cohen*, 400 F.3d 388, 402 (6th Cir. 2005) (citing *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)). In this case, the district court denied the plaintiffs-appellants' motions for sanctions on the grounds that they failed to show that the defendants-appellees did not meet their discovery obligations.[4]

The plaintiffs-appellants argue that the district court erred when it required them to support their accusations with evidence instead of placing the burden on the defendants-appellees to rebut them. The cases the plaintiffs-appellants cite for this proposition, though, state only that, *if a discovery violation has occurred*, the burden is on the party that committed the violation to show that it was not willful or in bad faith. *See United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (citing *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988)). Here,

---

[4] Unfortunately, the district court's relevant reasoning is largely missing from the record because neither party requested a transcript of the hearing at which the district court explained why it was denying the motions.

the district court did not find that a violation occurred, and the plaintiffs-appellants do not point to record evidence that shows that this conclusion was an abuse of discretion. The plaintiffs-appellants also fail to show that any discovery violation prejudiced them as they were in possession of both the photographs and the disciplinary memorandum long before the first trial. For these reasons, we affirm the district court's discovery rulings.[5]

V.

The plaintiffs-appellants next argue that the district court erred when it granted summary judgment to the defendants-appellees as to ARD's First Amendment retaliation claims. One element of a First Amendment retaliation claim is that a plaintiff engaged in protected speech. *Lucas v. Monroe Cnty.*, 203 F.3d 964, 973 (6th Cir. 2000). In this case, the district court granted summary judgment to the defendants-appellees as to ARD's claims because ARD never engaged in protected speech. On appeal, the plaintiffs-appellants argue that ARD had Article III standing based on the monetary harm it incurred because of the City's condemnation of the Building. That argument is irrelevant. The district court did not dismiss ARD's claims for lack of standing, but because ARD never engaged in protected speech. *See Lucas*, 203 F.3d at 973. We affirm the district court's grant of summary judgment as to ARD's claims.

The plaintiffs-appellants also argue that the district court erred when it granted summary judgment to Sumner and Trew in their individual capacities based on qualified immunity. Qualified immunity "shields governmental officials from monetary damages as long as 'their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sumpter v. Wayne Cnty.*, 868 F.3d 473, 480 (6th Cir. 2017) (quoting

---

[5] The above discussion also applies to the plaintiffs-appellants' argument that the district court should have instructed the jury about the City's alleged delay in turning over the photographs, since such an instruction would have constituted a sanction.

*Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009)). The "inquiry" whether officials' conduct violated "clearly established" law "'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Clemente v. Vaslo*, 679 F.3d 482, 490 (6th Cir. 2012) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004)). Unlike other affirmative defenses, a plaintiff bears the burden to overcome qualified immunity. *Crawford v. Tilley,* 15 F.4th 752, 760 (6th Cir. 2021).

Here, the district court determined that the plaintiffs-appellants put forth evidence sufficient to create a genuine dispute as to each element of a First Amendment retaliation claim against the City (including Sumner and Trew in their official capacities). But the district court said that it would not have been clear to Sumner and Trew under existing law that their conduct violated Whiting's First Amendment rights because it was not clear that the City's condemnation of the building lacked probable cause. The district court also concluded that the plaintiffs-appellants failed to meet their burden of persuasion to show that Sumner and Trew's conduct violated a "clearly established" right because they cited only a single factually and legally inapposite case, *Glasson v. Louisville*, 518 F.2d 899, 904 (6th Cir. 1975), which recites that the First Amendment prohibits prior restraint, not retaliation.

On appeal, the plaintiffs-appellants cite two additional cases, *Barrett v. Harrington*, 130 F.3d 246 (6th Cir. 1997), and *Bloch v. Ribar*, 156 F.3d 673 (6th Cir. 1998), that are closer to the mark insofar as they involve First Amendment retaliation claims.[6] *Bloch*, in particular, says that "[a]n act taken in retaliation for the exercise of a constitutionally protected right is actionable under

---

[6] The defendants-appellees say that the panel should not consider *Barrett* and *Bloch* because the plaintiffs-appellants did not cite those cases in the district court. But a party may cite a case for the first time on appeal in support of an argument it raised in the district court. *See B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 (6th Cir. 2008) (citing *Constantino v. TRW, Inc.*, 13 F.3d 969, 981 n.13 (6th Cir. 1994)).

§ 1983 even if the act, when taken for a different reason, would have been proper." 156 F.3d at 681-82.

We need not decide the issue of qualified immunity because the defendants-appellees also argue that the district court's grant of summary judgment was proper on the alternative grounds of absolute judicial immunity (for Sumner) and absolute prosecutorial immunity (for Trew). The district court did not rule on absolute judicial or prosecutorial immunity because it found that Sumner and Trew were entitled to summary judgment based on qualified immunity. Nevertheless, we may affirm on any ground supported by the record. *See Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 877 (6th Cir. 2020).

A plaintiff can forfeit an argument against an affirmative defense at summary judgment. *See, e.g., DayCab Co., Inc. v. Prairie Tech., LLC*, 67 F.4th 837, 853 (6th Cir. 2023) (plaintiff forfeited argument that statute of limitations did not bar claim by failing to address issue on appeal or in district court); *In re Hood*, 319 F.3d 755, 760 (6th Cir. 2003) (plaintiff forfeited argument that defendant waived sovereign immunity by raising it for the first time at oral argument). Here, the plaintiffs-appellants have twice forfeited any argument that Sumner did not have absolute judicial immunity for presiding over the condemnation hearing. On appeal, the plaintiffs-appellants respond to Sumner's assertion of absolute judicial immunity only by referring to their district court briefing on the subject. "[A] party is not allowed to incorporate by reference into its appellate brief the documents and pleadings filed in the district court." *Barr v. Lafon*, 538 F.3d 554, 565 (6th Cir. 2008) (quoting *Thomas M. Cooley Law Sch. v. Am. Bar Ass'n*, 459 F.3d 705, 710 (6th Cir. 2006)).

Even if we were to consider the plaintiffs-appellants' district court briefing, that briefing contained no argument that Sumner was not entitled to absolute judicial immunity for his role in

presiding over the condemnation hearing. Instead, the plaintiffs-appellants argued only that Sumner was not entitled to absolute judicial immunity for luring Whiting into a meeting while other City employees took photographs of the Building. The plaintiffs-appellants did not explain, and we fail to see, how that act could support a First Amendment retaliation claim against Sumner.

While we may excuse a forfeiture and address the merits of an issue in an "exceptional case" where a "miscarriage of justice" would result from our failure to do so, *see Johnson v. Ford Motor Co.*, 13 F.4th 493, 504 (6th Cir. 2021), this is not such a case. Whiting's First Amendment retaliation claims against the City, which correspond to the claims as to which the district court granted summary judgment to Sumner and Trew in their individual capacities, have already been the subject of two jury trials, the second of which resulted in a verdict for the defendants-appellees. In light of the plaintiffs-appellants' forfeiture of the issue, we affirm the district court's grant of summary judgment to Sumner on the alternative ground of absolute judicial immunity.

Likewise, the plaintiffs-appellants have forfeited any argument that Trew was not acting in a prosecutorial capacity when he prosecuted the condemnation action at issue in this case by failing to raise such an argument either on appeal or in the district court. In the district court, the plaintiffs-appellants argued only that Trew is not entitled to absolute prosecutorial immunity for allegedly meeting with Whiting and threatening him. But they failed to point to any record evidence that Trew threatened Whiting. Again, in light of this forfeiture, we affirm the district court's grant of summary judgment to Trew on the alternative ground of absolute prosecutorial immunity.

VI.

The plaintiffs-appellants next argue that the district court abused its discretion in admitting photographs of the Property into evidence at trial. Evidence is relevant if it tends to make any material fact more or less likely than it would have been without the evidence. Fed. R. Evid. 401.

Evidence should be excluded "if its probative value is substantially outweighed by" the risk of unfair prejudice. Fed. R. Evid. 403. Hearsay, defined as an out-of-court statement offered to prove the truth of the matter asserted, is inadmissible unless an exception applies. Fed. R. Evid. 801, 802.

In this case, the district court determined that photographs of poor conditions on the Property and complaints submitted to the City about it were relevant to the City's reasons for ordering that the Building be condemned, and that the risk of prejudice did not outweigh the probative value. The district court also determined that the reports of complaints about the Property were not offered for the truth of the matter asserted but for their probative value concerning the City's reasons for condemning the Building. These rulings were within the district court's sound discretion.

The plaintiffs-appellants argue that this evidence was not relevant to the City's reasons for condemning the Building because much of it concerned conditions that would not have justified condemnation pursuant to applicable municipal policies. But the issue at trial was whether the City condemned the Building in retaliation for Whiting's protected speech, not whether its actions perfectly conformed with its own policies. *See Lucas*, 203 F.3d at 973 (requiring causal connection between protected speech and allegedly retaliatory action). Thus, it was within the district court's discretion to admit evidence concerning the City's reasons for condemning the Building, even if some of those reasons went beyond the strict scope of official policy.

The plaintiffs-appellants also argue that the district court should have admitted evidence concerning Sumner's termination of the City's Chief of Police, Codes Enforcement Officer, and Director of Parks and Recreation. But the plaintiffs-appellants do not contend that any of those incidents had anything to do with the Property, the Building, Whiting, ARD, or any of the events

12

that gave rise to the claims in this case. The district court was accordingly within its discretion to exclude this evidence as irrelevant. We affirm the district court's evidentiary rulings.

VII.

The plaintiffs-appellants argue that the district court erroneously instructed the jury about the role of probable cause in its analysis of Whiting's First Amendment retaliation claim. To preserve an objection to jury instructions for appeal,

> [t]his circuit requires that a formal objection be made before and after the jury instructions are given, unless "it is plainly apparent from the discussion between the parties and the judge that the judge was aware of a party's dissatisfaction with the instruction, as read to the jury, and the specific basis for that claimed error or omission."

*Libbey-Owens-Ford Co. v. Ins. Co. of N. Am.*, 9 F.3d 422, 427 (6th Cir. 1993) (quoting *Woodbridge v. Dahlberg*, 954 F.2d 1231, 1237 (6th Cir. 1992)). "In fairness to the trial court and to the parties, objections to a charge must be sufficiently specific to bring into focus the precise nature of the alleged error." *Id.* (quoting *Palmer v. Hoffman*, 318 U.S. 109, 119 (1943)).

The defendants-appellees argue that the plaintiffs-appellants failed to object to the district court's jury instruction about probable cause in the district court. In response, the plaintiffs-appellants cite only a colloquy among the parties and the district court at the charge conference concerning the district court's instruction as to the causation element of a First Amendment retaliation claim. Most of that discussion focused on whether such claims require but-for causation, an issue that this appeal does not present. But Whiting's attorney also said that, "as we actually have argued and are continuing to argue that this—the probable cause element is only out of *Nieves* and it is not generally applicable to First Amendment cases." DE 249, Tr., Page ID 6748.

Whiting's remark during a discussion that largely focused on a different issue was not sufficient to preserve his objection to the district court's jury instruction about probable cause for appellate review. Whiting did not make a "formal objection" to the district court's jury instruction, either before or after the district court gave it. *Libbey-Owens-Ford*, 9 F.3d at 427. While his comment during the charge conference might have sufficed to express general "dissatisfaction" with the instruction about causation, it does not make "plainly apparent" that the district court "was aware of . . . the specific basis for [the] claimed error or omission." *Id.* Instead, the parties and district court focused on a different issue, namely whether a First Amendment retaliation claim requires but-for causation. As in *Libbey-Owens-Ford*, Whiting raised the issue of whether probable cause plays a role in this First Amendment retaliation context "obliquely . . . , but never with the clarity and specificity which would have alerted the trial court that a legal ruling was in order." *Id.* at 428. On appeal, the plaintiffs-appellants make no attempt to excuse Whiting's failure to either object more specifically or request a ruling on the record as to the role of probable cause.[7] We therefore decline to decide whether *Hartman* and *Nieves* apply to First Amendment retaliation claims based on regulatory enforcement actions, an important constitutional issue of apparent first impression in this circuit. *See Rudd v. City of Norton Shores*, 977 F.3d 503, 516 (6th Cir. 2020) (declining to decide "whether a probable-cause element extends to civil suits").

The plaintiffs-appellants also fault the district court for failing to give a limiting instruction about the jury's consideration of photographs of the Property and reports of complaints about it.

---

[7] At oral argument, the plaintiffs-appellants said that they objected to the district court's jury instruction in a motion to exclude evidence and subsequent motion for reconsideration, but it appears that they may have confused the district court's jury instruction about probable cause with the district court's failure to give a limiting instruction about the photographs. We do not find in the record any objection to the district court's probable cause instruction other than the colloquy at the charge conference discussed above.

However, they failed to request such an instruction in the district court, and on appeal fail to excuse that omission, to identify what instruction the district court should have given, or to offer any legal basis for such an instruction. The plaintiff-appellants have accordingly forfeited this argument. *See Tribe of Chippewa Indians*, 288 F.3d at 915; *A.K. by and through Kocher v. Durham Sch. Servs., L.P.*, 969 F.3d 625, 631 (6th Cir. 2020) (quoting *Thurman v. Yellow Freight Sys., Inc.*, 97 F.3d 833, 835 (6th Cir. 1996) (appellants who "neither developed [their] argument, nor offered any citation in support" had "'therefore forfeited the right to have the argument addressed on appeal'")). We affirm the district court's jury instructions.

## VIII.

We affirm.