RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0351P (6th Cir.)
File Name: 02a0351p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

  *v.*

JUAN REYES,
      *Defendant,*

JUAN A. ACEVEDO,
    *Claimant-Appellant.*

No. 01-1180

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 99-74067—Robert H. Cleland, District Judge.

Argued: August 6, 2002

Decided and Filed: August 29, 2002[*]

---

[*] This decision was originally issued as an "unpublished decision" filed on August 29, 2002. On October 1, 2002, the court designated the opinion as one recommended for full-text publication.

Before:  SUHRHEINRICH and BATCHELDER, Circuit Judges; LITTLE, District Judge.[**]

————————————

**COUNSEL**

**ARGUED:**  Steven J. Vander Ark, Grand Rapids, Michigan, for Appellant.  Kathleen Moro Nesi, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:**  J. Edmund Frost, Bay City, Michigan, for Appellant.  Kathleen Moro Nesi, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

————————————

**OPINION**

————————————

SUHRHEINRICH, Circuit Judge.   Claimant-Appellant Juan A. Acevedo appeals from the final order of forfeiture and from the order denying Claimant's motion to set aside judgment under Rule 60(b). We **AFFIRM.**

**I. Background**

This case arises out of a criminal forfeiture action under 21 U.S.C. § 853.  On December 15, 1998, Juan Reyes pled guilty to conspiring to possess with intent to distribute and to distribute marijuana.  Pursuant to his plea agreement, Reyes agreed to forfeit his interest in property used to commit the offense, including real property located at 712 Eleanor, Houston, Texas.  On June 22, 1999, the district court entered a preliminary order of forfeiture regarding the property.  The Government gave notice of the contemplated forfeiture to all known potentially interested parties, including Reyes's wife,

---

[**]The Honorable F. A. Little, Jr., United States District Judge for the Western District of Louisiana, sitting by designation.

other sanctions, as noted above, this is not necessarily an abuse of discretion.  *See id.*

**III. Conclusion**

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct.

Acevedo has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith. *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). Thus, it is presumed that dismissal is not an abuse of discretion if the party has the ability to comply with a discovery order but does not. Claimant has not proffered anything to overcome this presumption. Claimant did not file his petition until five months *after* his wife's death, nor did he explain how his mother's illness impeded his ability to gather the necessary documents. He claims a language barrier and poor record keeping, but he did not explain why he did not sign the bank authorizations and send them on in a timely fashion so that the United States could seek the documents itself. Counsel's conduct is also attributable to his client. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962); *Harmon*, 110 F.3d at 367-69.

Nor do the other factors change the result. The United States suffered prejudice in that it could not comply with the district court's September 15, 2000 discovery deadline. Without answers to document requests, the Government could not schedule depositions or other discovery. Although Claimant did not have a prior warning, the United States's motion to strike provided some notice. *Cf. Harmon*, 110 F.3d at 368 (holding that the appellant could not complain of lack of notice where the defendant had filed a motion to dismiss). Finally, although the district court did not expressly consider

Rosalinda Reyes, and to Juan Acevedo, father of Rosalinda Reyes.

On August 9, 1999, Juan Acevedo filed a petition and claim as a warranty deed holder to the real property. On January 31, 2000, the United States served a request for production of documents upon Acevedo. Specifically, the United States sought discovery related to Acevedo's claim that he was the true owner of the property. The requested documents were to be produced within thirty days, by March 1, 2000. On May 5, 2000, the United States sent a letter to counsel advising that if the Government did not receive the required response by May 22, 2000, the United States would move for dismissal of his claim. On May 24, 2000, Claimant's attorney faxed a letter to government counsel indicating that he would provide the documents on or before May 26, 2000. In the letter, Claimant's attorney stated that he had "received a package of documents approximately one inch thick from my client," and that he needed to review them. Nothing was forthcoming, however.

On June 6, 2000, the United States filed a motion to compel discovery. The United States requested copies of Claimant's federal income tax returns and documents showing all payments made on the property at 712 Eleanor. The United States also sought all periodic statements for all bank accounts, or alternatively, a release. On June 9, 2000, the United States received some of the requested documents. On June 13, 2000, during a telephonic status conference, Claimant indicated that he had no additional documents relevant to the discovery request.

On June 15, 2000, the district court entered a scheduling order pursuant to Fed. R. Civ. P. 26(f). The order required that all discovery, including responses to discovery requests, be completed by September 15, 2000. Also on June 15, 2000, the United States made a second request for production of documents. The Government sought copies of all documents showing the source of various cash payments made for the property and requested that Claimant sign bank authorization

forms so that the United States could obtain bank records on its own to verify the source of the funds. On July 17, 2000, two days after the response was due, Claimant requested a few more days to respond. On July 21, 2000, government counsel called Claimant's attorney, but received no response. On July 26, 2000, the Government filed a motion to strike claim or for other appropriate sanctions.

On August 10, 2000, the district court set a hearing for September 27, 2000, on the Government's motion to strike. Claimant failed to file a response, and on August 30, 2000, the district court's case manager called Claimant's counsel to notify him that he had missed the response due date, and instructed him that he could file a motion for leave to file a late response, accompanied by the response, no later than September 8, 2000. Claimant still did not comply. On September 13, 2000, the district court granted the United States's motion to strike claim and canceled the scheduled hearing. On September 25, 2000, the district court entered a final order of forfeiture. The court noted that during discovery the United States requested that Claimant produce documents showing the source of cash used to purchase the property, and after Claimant refused to produce any such documents, the United States moved to strike his claim. The court further noted that, even after the court contacted his attorney to give him additional time, Claimant did nothing. The district court did not indicate which procedural rule it based the dismissal on.[1]

On October 5, 2000, Claimant filed a motion to set aside judgment, for rehearing, or for stay of execution under Fed. R. Civ. P. 60(b)(1) and (6). In that motion Claimant alleged that he had attempted to comply "with the repeated and burdensome requests for discovery pro-pounded by the attorneys for the Government" but had difficulties producing the documents because Claimant is elderly, his English is

---

[1] The Government did not provide any authority to the district court in its motion to strike claim or for other appropriate sanctions.

Rule 37(b)(2) notwithstanding, the district court had authority under Rule 37(d), which incorporates the sanctions allowed under Rule 37(b). Rule 37(d)(3) provides in pertinent part:

> If a party . . . fails . . . (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs . . . (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. . . .

Fed. R. Civ. P. 37(d). Rule 37(b)(2)(C) authorizes the district court to dismiss the action. Fed. R. Civ. P. 37(b)(2)(C).

Here, the United States made two requests to produce documents. After Claimant failed to respond to the second request, the government filed the motion to strike. In that motion the United States represented that it attempted to contact Claimant on two occasions; on July 17, 2000, and again on July 21, 2000. Thus, under Rule 37(d) and (b)(2)(C), the district court had authority to dismiss the case.

Alternatively, the United States argues that the district court had authority to dismiss under Rule 37(b) or Rule 41(b) and its inherent authority. In reviewing a district court's dismissal under either Rule 37(b)(2) or Rule 41(b), we consider four

---

is on its face appropriate only as a defendant's remedy, while Rule 37 provides more expansive coverage by comprehending disobedience of production orders by any party." *Id.*

The district court entered a scheduling order pursuant to Fed. R. Civ. P. 26(f), which stated in pertinent part that the deadline for completing discovery was September 15, 2000.

Furthermore, Claimant ignored several amicable requests from the United States. The government's requests were not onerous, and counsel at one point indicated that he had only "an inch" of documents to review. Most importantly, the district court took the unusual step of calling Claimant's counsel to notify him that he had missed a filing deadline by several weeks, and then allowing him to file a late response by September 8, 2000. Counsel still did not respond. Such disregard of the graciousness of the district court can be considered contumacious. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). That the district court did not articulate its consideration of lesser sanctions does not dictate a different result. *See id.* (noting that this Court has never held that the district court is without power to dismiss a complaint as the first and only sanction solely on the basis of counsel's conduct).

### B. Mistake of Law

Claimant contends that the district court abused its discretion in dismissing his suit for failing to cooperate in discovery because he did not violate any order compelling discovery. He cites Rule 37(b)(2), which he claims allows a district court to dismiss an action only if a party violates an *order* compelling discovery. *See* Fed. R. Civ. P. 37(b)(2) (providing for sanctions, speaking in terms of orders). *See also* 8A Wright & Miller, *Federal Practice & Procedure*, § 2289 (1994) ("Except where new Rule 37(c)[], adopted in 1993, applies, Rule 37(b) usually has no application if there has not been a court order").[3]

---

[3] In support of this argument, Claimant cites *Societe Internationale Pour Participations Industrielles Et. Commerciales, S.A. v. Rogers*, 357 U.S. 197 (1958). In *Rogers*, the district court had based its dismissal upon Rule 37(b)(2)(iii) because the party had not complied with a discovery order. The Court of Appeals, however, had upheld the dismissal under Rule 41(b). The Supreme Court held that "there was no need to resort to Rule 41(b)" because dismissal was based on "noncompliance with a discovery order." *Id.* at 207. The Supreme Court added that Rule 41(b) "appears in that part of the Rules concerned with trials and which lacks specific references to discovery. Further, that Rule

poor, and he lives a great distance from his attorney and the court. Claimant added that he did not keep detailed and organized records, and needed his children's assistance in locating them, and finally he stated that he was caring for his terminally ill mother. On October 6, 2000, Claimant served the United States with the requested bank authorizations. On December 20, 2000, the district court denied the motion. The district court ruled that Claimant failed to show excusable neglect or any other reason that justified relief. On January 19, 2001, Claimant filed a notice of appeal.

### II. Analysis

We review the district court's denial of a Rule 60(b) motion for abuse of discretion. *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir.), *cert. denied*, 122 S. Ct. 643 (2001). In other words, we must have "a definite and firm conviction that the trial court committed a clear error of judgment." *Id.* (quotation omitted).

On appeal, Claimant seeks relief under Rule 60(b)(1), which allows a district court to vacate a final judgment because of "mistake, inadvertence, surprise, or excusable neglect."[2] This Court has stated that a Rule 60(b)(1) motion is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order. *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000).

Claimant makes several arguments. Claimant asserts that his conduct was due to excusable neglect. He also contends that the lower court made a substantive mistake of law because it lacked the authority to dismiss his suit. That is,

---

[2] Claimant has abandoned on appeal his claim for relief under Rule 60(b)(6), which allows relief "for any other reasons justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Claimant contends that, because he did not violate any order compelling discovery, the district court was not authorized to dismiss the action. He challenges the underlying dismissal on this legal ground as well.

Claimant did not argue mistake of law in his Rule 60(b) motion, thus failing to preserve the issue on appeal. As a general rule, appeal from the denial of a Rule 60(b) motion does not encompass review of the underlying judgment. *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir. 1995) (per curiam). However, because his Rule 60(b) motion was filed twenty days after entry of the underlying forfeiture, within the applicable appeal period, all issues regarding the underlying order striking claim are properly before this Court. *See Barrier v. Beaver*, 712 F.2d 231, 233-35 (6th Cir. 1983). A claim of legal error in the underlying judgment falls within the definition of mistake under Rule 60(b)(1). *Pierce v. United Mine Workers of Am., Welfare & Retirement Fund for 1950 and 1974,* 770 F.2d 449, 451 (6th Cir. 1985) (citing *Barrier*, 712 F.2d at 234).

### A. Excusable Neglect

Claimant maintains that his neglect was excusable because he did not violate any court order. Thus, he equates excusable neglect to consideration of the culpability factor of "whether the party's failure to cooperate in discovery is due to willfulness, bad faith or fault." *Harmon v. CSX Transp.*, 110 F.3d 364, 366-67 (6th Cir. 1997). Because the question is whether the judgment should be set aside under Rule 60(b)(1), and not merely whether the dismissal was improper, the scope of our inquiry is narrow. That is, under Rule 60(b)(1), a party must first demonstrate excusable neglect before other factors such as whether a defendant has a meritorious defense and prejudice to the plaintiff will be considered. *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992).

As this Court has held, "a determination of 'excusable neglect' does not turn solely on whether the *client* has done all that he reasonably could do to ensure compliance with a

deadline; the performance of the client's *attorney* must also be taken into account." *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999) (citing *Pioneer v. Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993)). We noted that "[t]he Supreme Court has expressly rejected a suggestion previously made by this court that 'it would be inappropriate to penalize [the clients] for the omissions of their attorney;'" on the contrary, the Court held, clients must "be held accountable for the acts and omissions of their chosen counsel." *Id.* (quoting *Pioneer*, 507 U.S. at 396-97). *See McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 00-5837, – F.3d – , 2002 WL 1769366, at *6-8 (6th Cir. Aug. 2, 2002) (holding that neither strategic miscalculation by counsel nor misinterpretation of the law constitute "mistake" under Rule 60(b)(1)); *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 685 (6th Cir. 1999) (holding that an attorney's mistake of law is not a proper basis for Rule 60(b) relief). Here, counsel was dilatory in providing initial discovery three months after it was due, failing to provide further requested discovery, and in failing to respond to the United States's motion to strike, even after the district court *sua sponte* granted an extension of time. Although counsel alleged that Claimant's limited English was problematic, he acknowledged Acevedo's children assisted him. Claimant also claimed that Acevedo had been "burdened with the terminal illness of his mother" who was transferred to a nursing home where he visited her daily. Counsel failed to explain the nature or duration of the care he was required to provide, however. *Cf. Buck v. U.S. Dept. of Agric., Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir. 1992) (holding that sudden illness of counsel was not excusable neglect where counsel did not provide details of his illness). As for his failure to file a response to the motion by the extended due date, counsel acknowledged in his affidavit that he was aware of the deadline, but that he "was unable to meet that deadline due to the press of other business and personal business." Given such a vague explanation, the district court did not abuse its discretion when it denied Rule 60(b) relief based on Claimant's failure to demonstrate excusable neglect.