**Jeffrey DEMANN, Plaintiff–Appellant,**

v.

**OTTAWA COUNTY SHERIFF'S DEPARTMENT, named as Ottawa County Sheriff's Division; Girard Rooks, M.D., Defendants–Appellees.**

**No. 02–1912.**

United States Court of Appeals, Sixth Circuit.

June 26, 2003.

Before: BOGGS and GILMAN, Circuit Judges; and MARBLEY, District Judge.*

*ORDER*

This is an appeal from a district court judgment denying a motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 2, 2002, Jeffrey DeMann filed a letter in federal district court in which DeMann asked the court on the authority of Rule 60(b) to re-open a civil rights complaint that had been dismissed approximately seven months earlier. The district

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio sitting by designation.

court denied the motion and this appeal followed.

The only issue before this court is whether the district court erred in denying DeMann's Rule 60(b) motion. This court reviews a district court's decision to deny a Civil Rule 60(b) motion for an abuse of discretion. *Cincinnati Ins. Co. v. Byers,* 151 F.3d 574, 578 (6th Cir.1998). An abuse of discretion exists where this court is firmly convinced that a mistake has occurred, *Harrison v. Metro. Gov't,* 80 F.3d 1107, 1112–13 (6th Cir.1996), or where a district court has relied upon clearly erroneous findings. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). An examination of the record and law shows that the district court did not commit a mistake in entering the decision on appeal.

In 2000, DeMann filed a civil rights complaint on the authority of 42 U.S.C. § 1983 against the Ottawa County [Michigan] Sheriff's Department and Dr. Gerard Rooks in connection with an involuntary civil commitment in Michigan state court. The district court granted motions to dismiss, or for summary judgment, for the defendants in an order entered on November 14, 2001. DeMann did not take a direct appeal from this adverse decision. Instead, DeMann wrote a letter to the district court, filed on June 7, 2002, in which he asked the court to re-open the matter on the strength of the following: "Due to a brief hospitalization, I was not able to maintain correspondence with the U.S. District Court." The court construed the letter as a motion under Civil Rule 60(b) and denied it because it did not set forth any possible ground for relief within Rule 60(b). In response, DeMann filed another letter, docketed in the district court as Entry # 30, asking the court to re-open the original complaint. In support of this request, DeMann alleged that he was not receiving mail at his residence during an unspecified "time frame" so that he was ignorant of the actions of the courts or defendants. DeMann claimed that this constituted "excusable neglect" within the meaning of Rule 60(b). The district court denied the second request to re-open the proceedings in a terse order:

> By order entered June 17, 2002, this court denied plaintiff's motion to reopen case. Plaintiff has now filed a frivolous and duplicative motion requesting relief from judgment (docket # 30). Upon due consideration: IT IS ORDERED that plaintiff's motion for relief from judgment (docket # 30) be and hereby is DENIED.

Civil Rule 60(b) provides that relief may be granted from a judgment for the following reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged; or 6) any other reason justifying relief. An appeal from an order denying a Civil Rule 60(b) motion does not bring up for review the underlying judgment disposing of the case. *Browder v. Dir., Dep't of Corrs.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir. 1995). Rather, this court's inquiry is limited to "whether one of the specified circumstances exists in which [the plaintiff] is entitled to reopen the merits of his underlying claims." *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998).

The appeal lacks merit. DeMann's proffered "excusable neglect" was lacking in any specifics concerning the reasons for his alleged inability to receive his mail, or the exact dates his mail delivery was subject to interference. A district court is justified in denying Rule 60(b) relief for

**644**

excusable neglect when it is supported by vague, conclusory allegations. *See, e.g., United States v. Reyes,* 307 F.3d 451, 456–57 (6th Cir.2002). The most compelling factor refuting Demann's argument, however, is the district court's completely accurate observation that DeMann actively engaged in responsive pleading up to the time of the original judgment for the defendants. The only possible construction of this motion to re-open is a substitute for a direct appeal. Rule 60(b), of course, is not available for this purpose. *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.