**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0106n.06
Filed: February 9, 2006

No. 05-5122

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

PATRICIA BRYANT, AS PARENT AND NEXT
FRIEND OF RANDY BRYANT, AN INFANT AND
JESSICA BRYANT, AN INFANT
    *Plaintiff-Appellant,*

                                          On Appeal from the
             v.                       United States District Court for
                                          the Eastern District of Kentucky

U.S., EX. REL. U.S. POSTAL SERVICE,
    *Defendant-Appellee*.

_____/

Before: KENNEDY, COOK, and GRIFFIN, Circuit Judges.

**Kennedy, J.** Plaintiffs' suit was dismissed as a sanction, pursuant to Fed. R. Civ. P. 37, because the district court determined that they did not sufficiently comply with Defendant's discovery requests and with a May 27, 2004 order compelling discovery. Plaintiffs appeal the district court's dismissal of their action. For the following reasons, we affirm the dismissal.

**BACKGROUND**

This appeal stems from a suit brought when the car of Patricia Bryant and her minor children, Jessica and Randy Bryant ("Plaintiffs"), collided with a letter carrier for the U.S. Postal Service ("Defendant") on March 9, 1999. Plaintiffs and the postal carrier have different accounts of the accident, each placing the other at fault. Plaintiffs filed an administrative claim with the U.S. Postal Service seeking $350,000. Joint Appendix ("J.A.") at 17-20. This claim was denied on April 17,

2002.  *Id*. at 20.  Plaintiffs thereafter filed this action in the Federal District Court for the Eastern District of Kentucky on October 10, 2002.  *Id*. at 10-15.  Both sides engaged in discovery.

Defendants requested documents and information including all medical bills related to the accident; information on prescription medications;  information on Patricia Bryant's past traffic accidents; information on Jessica Bryant's past accident in an apartment complex including any settlement information; as well as complete employment, residence, marital, and criminal histories.  During discovery, Plaintiff Patricia Bryant provided some information on medical providers including six names of past providers, some information on past residences and employment, the name of the person whom she believed to be her attorney for the prior auto accidents, and her criminal history.  Through their own research Defendant uncovered at least thirty-four additional medical providers.  The attorney listed by Plaintiffs was contacted and had no records related to her past suits, or even that he represented her.

The district court ordered discovery to be completed by October 1, 2003.  *Id*. at 56-58.  Both parties requested extensions of discovery twice, on July 17, 2003 and on September 12, 2003, to December 1, 2003.  *Id*. at 82, 85.  The district court granted the parties' joint motions to extend discovery.  *Id*. at 83, 88.  Once that date was reached, Defendant moved the court to stay the proceeding until such time as Plaintiffs provided a complete list of medical providers, prescription medications, employers, previous lawsuits,[1] prior residences, and a complete criminal history.  *Id*. at 91-98.  After a hearing, the court granted the requested stay on January 21, 2004.  *Id*. at 123.

---

[1]Plaintiff Patricia Bryant was involved in at least two other car accidents.  Plaintiff Jessica Bryant was involved in a dispute related to her fall at her apartment complex. J.A. at 196.  It appears that she complained of back injuries and received a settlement from the owner of the complex.  *Id*. All of these incidents occurred prior to the March 9, 1999 accident with the U.S. Postal Service truck.

After the stay was granted, Plaintiffs provided the names of the parties involved in Jessica Bryant's apartment complex injury. *Id*. at 26-27. They also provided a printout from the Unemployment Insurance Office for Patricia Bryant. *Id*. They provided the new address of Randy and Jessica Bryant, and they provided information that Patricia Bryant was treated at one additional hospital. *Id*.

On April 6, 2004, the district court ordered the parties to file a status report on the case. *Id*. at 125. Plaintiffs' status report indicated that no further discovery issues were outstanding. *Id*. at 127. Defendant disagreed and filed a motion to show cause for the Plaintiffs' failure to comply with their discovery requests on April 30, 2004. *Id*. at 129-34. Defendant requested the sanction of dismissal should Plaintiffs not fully comply with discovery requests. *Id.* at 133-34. Plaintiffs responded to Defendant's motion on May 7, 2004. In their response, Plaintiffs indicated that they had provided all documents in their possession and that Plaintiff Patricia Bryant did not recall further details about her medical history or her prior accidents. *Id*. at 138-42. Plaintiffs also indicated that they had provided Defendant "with authorizations to search wherever they choose to obtain documentation." *Id*. at 141. On May 27, 2004, the district court ordered Plaintiffs "to produce in full the discovery requests outlined in the Defendant's Motion to Show Cause of April 30, 2004, within 30 days of entry of this Order. The failure to comply with this Order may result in sanctions pursuant to Fed. R. Civ. P. 37, including the dismissal of this action." *Id*. at 146. Plaintiffs apparently provided no further information.

On August 31, 2004, Defendant filed a motion to dismiss, or in the alternative, for summary judgment against all Plaintiffs. *Id*. at 1155, 162-65. In the motion, Defendant argued that the extent of Plaintiff Patricia Bryant's claimed loss of memory was not credible. *Id*. at 162-65. Defendant

3

cited the fact that Plaintiff Patricia Bryant could not remember her current treating physician, any of the details of her eight past hospitalizations for back pain, or where she had her pain medication prescriptions filled. *Id*. at 164. Defendant also accused Plaintiff of a "lack of diligence" in helping Defendant uncover her medical records. *Id*. at 164-65. Defendant also pointed to the lack of information provided about Plaintiffs' prior lawsuits and settlements, in particular the fact that Plaintiff Patricia Bryant only provided the name of the attorney that she thought had represented her in her accidents. *Id*. at 165. Defendant also argued that the lapses in the evidentiary record caused by Plaintiffs' failure to disclose required a grant of summary judgment in favor of Defendant. *Id*. at 165-76. Plaintiffs responded to the motion arguing that faulty memory was not worthy of sanction, and that they had complied with Defendant's discovery requests to the best of their ability. *Id*. at 291-95. Plaintiffs also contested Defendant's motion for summary judgment. *Id*. at 296-306.

In a memorandum and opinion filed on December 14, 2004, the district court found that Plaintiffs had not fully complied with Defendant's discovery requests. *Id*. at 24-34. The district court found it incredible "that Plaintiffs can not remember more concerning the accidents than was given the defendant, including the city where the accident occurred and the defendant(s) involved in the suits." *Id*. at 30. The district court also found that "Plaintiffs did not comply with Defendant's discovery requests for employment or medical records. Just because information is not within your immediate memory does not mean that you are not charged with investigating to the best of your ability to find the answers to the questions." *Id*. at 31. The district court noted that "Plaintiffs did not submit any evidence that Ms. Bryant suffers from memory loss." *Id*. at 32. Although the district court recognized that dismissal was an "extreme sanction," the district court

4

found that in the face of such non-compliance, such a sanction was warranted in this case. Plaintiffs appeal the district court's decision. *Id*. at 31-34.

## ANALYSIS

We review a district court's imposition of the sanction of dismissal pursuant to Fed. R. Civ. P. 37(b)(2) for an abuse of discretion. *See Nat'l Hockey League v. Metro. Hockey Club, Inc*., 427 U.S. 639, 642-43 (1976). *See also Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 366 (6th Cir. 1997). "An abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Trepel v. Roadway Express., Inc.,* 194 F.3d 708, 716 (6th Cir. 1999) (citing *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1276 (6th Cir.1998)); *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

In, *U.S. v. Reyes,* 307 F.3d 451, 458 (6th Cir. 2002), this court held that:

> In reviewing a district court's dismissal under either Rule 37(b)(2) or Rule 41(b), we consider four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."

(quoting *Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir.1999)). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id*.

In *Reyes*, this court held that a party seeking to avoid the sanction of dismissal "has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *Id*. (citing *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). Here Plaintiffs primarily rely on bad memory as their excuse for their failure to comply with the district court's orders. The district court found it incredible that Plaintiff Patricia Bryant could not remember more of her medical history than she provided Defendant, especially without some

5

evidence as to the cause of her memory loss. It also found it incredible that she could not provide more than the name of an attorney that she thought had represented her in her prior two accidents. While it is true that one is not obligated to provide perfect responses to discovery requests, and that district courts must make room for some lapses of memory, plaintiffs must do as much as they can, and certainly more than they did here, to provide defendants with all relevant discoverable information. The district court found that Plaintiffs failed to show that their noncompliance was due to inability, not bad faith, or fault. This court can find nothing in the record to contradict that finding.

As to the second factor, in *Reyes*, this court also held that the defendant in that case was prejudiced because it could not comply with the court's discovery order, schedule its depositions, or conduct further discovery. *Reyes*, 307 F.3d at 458. Here, Defendant's ability to defend itself in this suit was prejudiced by Plaintiffs' failure to provide more thorough discovery. In particular, Plaintiffs' failure to provide more background on the accidents and the injuries in those accidents could have had an extremely prejudicial impact on Defendant's ability to contest the cause of Plaintiffs' alleged injuries. Without more information, Defendant could only vaguely refer to Plaintiffs' past accidents. Because those accidents could have been highly probative as to the cause of Plaintiffs' alleged injuries, Defendant was prejudiced by Plaintiffs' failure to be more forthcoming. In light of our finding that prejudice results when a defendant can not conduct discovery, we are compelled to find on these facts that because Defendant's ability to defend itself from suit was negatively effected, Defendant was prejudiced.

As to the third factor, the district court warned Plaintiffs in its May 27, 2004 order that their failure "to produce in full the discovery requests . . . may result in sanctions pursuant to Fed. R. Civ.

P. 37, including the dismissal of this action." J.A. at 146. Plaintiffs were warned of the consequences of their failure to comply.

Finally, as to the fourth factor, the district court implemented a stay in this action pending the completion of full discovery in this case. *Id*. at 123. This stay delayed the proceedings for two months, and prevented Plaintiffs from moving forward with their case. Under the facts of this case, the ineffectiveness of this alternative sanction was sufficient consideration of alternative sanctions to satisfy the requirements of our precedent. Even if the district court had not considered other sanctions in this case, we do not believe that such a failure would constitute an abuse of discretion. *See id*. *See also Harmon,* 110 F.3d at 368.[2]

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.

---

[2]Plaintiff Patricia Bryant argues that her minor children were blameless in failing to comply with the discovery requests and should not be sanctioned. While it is true that Plaintiff Randy and Jessica Bryant's causes of action are independent from their mother's, as their parent and next friend, Patricia Bryant acts in their stead in court. We have upheld the dismissal of an action when it is a party's attorney's dilatory actions that lead to a sanction of dismissal. *See Harmon*, 110 F.3d at 366. Because Patricia Bryant acts as the legal representative for her children and because some of the lapses in discovery related to their causes of action, particularly the apartment complex settlement, the district court's dismissal of their actions was not an abuse of discretion. That settlement in an accident involving injuries similar to those claimed here was not initially disclosed, even though Jessica Bryant was represented by the same attorney in that settlement as in the case at bar.