NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0758n.06

No. 09–2201

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Dec 15, 2010**

LEONARD GREEN, Clerk

TYRONE SMITH,
     *Plaintiff-Appellant,*

v.

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,
     *Defendant-Appellee.*

On Appeal from the United
States District Court for the
Eastern District of Michigan

_____

Before: KENNEDY, COLE, and ROGERS, Circuit Judges.

**CORNELIA G. KENNEDY, Circuit Judge.** Plaintiff-Appellant Tyrone Smith appeals the district court's dismissal of his lawsuits against his insurer, Defendant-Appellee Nationwide Mutual Fire Insurance Company ("Nationwide"), over Nationwide's denial of a claim on his personal-property-protection insurance policy and a claim on his automobile insurance policy. The district court dismissed the actions for willful failure to cooperate in discovery after Mr. Smith repeatedly submitted inadequate responses to Nationwide's discovery requests, despite two intervening court orders and the imposition of $1000 in sanctions. Because the district court did not abuse its discretion by dismissing Mr. Smith's claims under these circumstances, we AFFIRM.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 17, 2007, Tyrone and Crystal Smith reported to Nationwide, their insurer, the theft of three pieces of jewelry worth $176,000. On May 26, 2007, Mr. Smith informed Nationwide that, while driving his 2005 Corvette in Detroit the previous day, he had been involved in a hit-and-run

car accident. Nationwide's investigation of both claims uncovered several red flags, including: an unexplained delay in reporting both the theft and the accident to the police; the fact that the Smiths had obtained insurance coverage for their jewelry on May 3, 2007, only thirteen days before the alleged theft; the Smiths' inability to produce proof of their ownership of the stolen jewelry; an examination of the Corvette indicating that the accident could not have occurred in the manner described by Mr. Smith; a 1999 insurance claim filed by Mr. Smith alleging a hit-and-run accident remarkably similar to the current claim; and sparse, contradictory evidence of the Smiths' household income. Based on these facts, Nationwide denied both claims for fraud and misrepresentation in December 2007.

On April 16, 2008, the Smiths filed two complaints in Michigan's Wayne County Circuit Court, seeking to recover damages for the alleged theft (the "jewelry case") as well as no-fault, personal-injury-protection benefits from the alleged automobile accident (the "PIP case"). Nationwide removed both suits to the United States District Court for the Eastern District of Michigan on May 19, 2008. The actions were consolidated for discovery on October 8, 2008.[1]

In the spring and summer of 2008, Nationwide presented to the Smiths' attorney several discovery requests: interrogatories in both the jewelry case and the PIP case were served on May 27, 2008; requests to produce documents in the jewelry case were served on June 27, 2008; and a second set of requests to produce documents in the jewelry case were served on July 21, 2008. On July 17, 2008, the Smiths' attorney submitted Mr. Smith's unsigned responses to both sets of interrogatories.

---

[1]Mrs. Smith was dismissed as a plaintiff in the PIP case by stipulation of the parties on April 16, 2009, but she remained a party to the jewelry case throughout the district court proceedings. Because she was subject to some of the district court's discovery orders in the consolidated cases, we refer to the Plaintiff in these actions as "the Smiths."

Nationwide's counsel sent two letters to the Smiths' attorney on August 6, 2008, requesting that the Smiths respond to the requests to produce and provide Mrs. Smith's answers to the interrogatories served in the jewelry case. The letters also pointed out several incomplete responses in Mr. Smith's answers to both sets of interrogatories, and asked that he supplement his responses accordingly and provide a signed copy of his answers.

When the Smiths' attorney did not respond to the August 6, 2008 correspondence, on September 16, 2008 Nationwide filed a motion to compel the Smiths to fulfill the discovery requests in each case. On October 6, 2008, the Smiths' attorney sent Nationwide's counsel Mr. Smith's supplemental answers to both sets of interrogatories. Nationwide's counsel sent two more letters to the Smiths' attorney on October 8, 2008, explaining that several of Mr. Smith's answers to the interrogatories were still insufficient and again asking that the Smiths respond to the requests to produce. On October 13, 2008, the Smiths filed a motion for a protective order in both cases, claiming that Nationwide's unanswered discovery requests sought irrelevant information and should be quashed under Federal Rule of Civil Procedure 26(c) to protect the Smiths from "annoyance, embarrassment, oppression, [and] undue burden or expense." Both sets of motions were referred to a magistrate judge, who issued a November 17, 2008 order granting Nationwide's motions to compel and denying the Smiths' motions for protective orders. The magistrate concluded that all of Nationwide's discovery requests were relevant and minimally intrusive and were therefore allowable. He also set out a detailed list of the information the Smiths needed to provide to Nationwide in order to fully respond to the discovery requests. Furthermore, the magistrate required that, if the Smiths did not have the information or documents requested, they had to so swear under

3

penalty of perjury and, if possible, provide a valid release allowing Nationwide to obtain the relevant records.

On December 22, 2008, the Smiths' attorney sent Nationwide's counsel Mr. Smith's updated answers to both sets of interrogatories and his first set of responses to the requests to produce. Upon reviewing these submissions, Nationwide's counsel determined they were still inadequate and, on February 4, 2009, sent the Smiths' attorney two detailed letters to that effect. After once more receiving no response from the Smiths or their attorney, on March 19, 2009 Nationwide filed a motion to dismiss both claims under Federal Rule of Civil Procedure 37(b) for willful failure to cooperate in discovery. The motion was again referred to the magistrate judge, who granted it in part. In an April 27, 2009 order, the magistrate concluded that the Smiths had not fully complied with his previous discovery order and provided another thorough explanation of the information, releases, and sworn statements the Smiths were required to provide to Nationwide. The magistrate also found ample evidence that the Smiths had acted in bad faith and warned that any further failure to comply with the court's discovery orders could result in a dismissal of both cases. The magistrate set discovery deadlines of April 30, 2009 and May 15, 2009, by which time the Smiths were to send Nationwide their updated discovery responses. In addition, he assessed a $1000 sanction against the Smiths to be paid to Nationwide by June 1, 2009.

On April 30, 2009 and again on May 15, 2009, the Smiths' attorney forwarded a set of the Smiths' supplemental discovery responses to Nationwide's counsel. Once more, Nationwide's counsel determined they were incomplete. Furthermore, neither the Smiths nor their lawyer paid the $1000 sanction by the June 1 deadline, though on June 4, 2009 and June 11, 2009 the Smiths' attorney emailed Nationwide's counsel indicating that his office would issue a draft of the $1000 by

4

July 15, 2009. Nationwide filed a second motion to dismiss under Rule 37(b) on June 12, 2009, asserting that the Smiths' most recent supplemental responses violated the magistrate's orders. On August 13, 2009, the district judge heard oral argument on the motion, during which it determined that the $1000 sanction had still not been paid. The judge then noted Nationwide's allegation that the Smiths' most recent discovery responses were still incomplete, adopted the magistrate's findings that the Smiths' failure to cooperate in the discovery process evidenced bad faith, and found that Nationwide was prejudiced by this failure. The judge also determined that the magistrate's April 27, 2009 order constituted both a warning to the Smiths that any continued failure to cooperate could lead to dismissal and an attempt to utilize sanctions less drastic than dismissal. The district court dismissed both the jewelry case and the PIP case with prejudice in an August 21, 2009 judgment. Mr. Smith timely appealed the dismissal of both cases.

## ANALYSIS

Mr. Smith argues that the district court erred by dismissing both of his claims as a sanction for his failure to comply with the court's discovery orders. Under Federal Rule of Civil Procedure 37(b), "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may . . . dismiss[] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(v). "An order of the district court dismissing an action under Rule 37(b) . . . for willful failure to cooperate in discovery is reviewed under an abuse of discretion standard." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) and *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988)). When assessing the dismissal of a complaint as a sanction for discovery, this court considers four factors:

5

(1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery"; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366–67 (6th Cir. 1997) (quoting *Reg'l Refuse*, 842 F.2d at 153–55). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). In this case, consideration of all four factors demonstrates that the district court did not abuse its discretion by dismissing the Smiths' claims.

First, ample evidence supports the district court's conclusion that the Smiths' failure to cooperate in discovery was in bad faith. By the time the district court dismissed their claims in August of 2009, the Smiths still had yet to provide Nationwide with adequate responses to the interrogatories and requests to produce served fourteen months earlier, despite two court orders demanding they do so. The record further reveals that the Smiths' failure to cooperate in discovery was the result of delay and contumacious conduct rather than the Smiths' inability to produce the requested information, or even the carelessness of their attorney. The magistrate twice ordered that the Smiths turn over all of the information they possessed relating to Nationwide's discovery requests—with the second order explicitly requiring that the Smiths search for this information—or to execute valid releases for it. However, Nationwide's examination of the documents and releases provided by the Smiths revealed that they had withheld records and information within the scope of the discovery orders. This disingenuous behavior is evidenced by the following examples:

- Nationwide asked the Smiths to provide or release the records from all telephones in use by the Smiths in May 2007. The Smiths' December 22, 2008 supplemental responses provided

6

releases for the records from one cell phone registered to Mr. Smith and one cell phone registered to Mrs. Smith, but did not release the records of the Smiths' home telephone or a second cell phone known to belong to Mrs. Smith.

- In response to Nationwide's request for bank statements, Mr. Smith provided a release in the December 22, 2008 supplemental responses for single account number at Credit Union One and a single account number at First Federal of Michigan. The records obtained by Nationwide for these accounts revealed four other accounts belonging to Mr. Smith or his business for which the Smiths had not provided releases.

- Nationwide requested any and all lease agreements between the Smiths and any tenants residing at the Smiths' known rental properties. While the August 2007 examinations under oath of Mr. and Mrs. Smith confirmed that they did own and earn income from rental properties, they never produced any lease agreements, or even the names and contact information for their tenants.

- To facilitate Nationwide's request for Mr. Smith's relevant medical records, the magistrate judge ordered Mr. Smith to "provide defense counsel with a signed declaration . . . or affidavit stating any and all doctors or hospitals where he [was] treated prior to or following the alleged car accident." In the April 30, 2009 supplemental responses, Mr. Smith submitted an affidavit refusing to comply with this order: "I have provided information related to any treating hospital or physician for any treatment before the accident. Any treatment after the accident that is not claimed as part of the no fault claim for medical benefit [sic] in this case is not required."

In light of this evidence of the Smiths' pattern of noncompliance, the district court did not abuse its discretion by concluding that the Smiths had shown bad faith by "fail[ing] to respond timely to [Nationwide]'s discovery requests or provide adequate reasons why they failed to do so." *Cf. Harmon*, 110 F.3d at 368 (finding a bad-faith failure to cooperate in discovery when party did not adequately answer discovery requests served almost one year previously, "in disregard for [the requesting party]'s persistent requests and with contempt for an order of the court").

Second, the district court did not err by determining that Nationwide was prejudiced by the Smith's failure to cooperate in discovery. This failure compromised Nationwide's ability to prepare its defense in each action, as the magistrate determined that all of Nationwide's discovery requests

7

were "potentially relevant to [the Smiths'] claims in these cases"; the Smiths' argument to the contrary is foreclosed by their failure to file objections to the magistrate's ruling, *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) ("[A] party shall file objections [to a magistrate's ruling] with the district court or else waive right to appeal."). Moreover, prejudice results "[n]ot only [when the aggrieved party is] unable to secure the information requested, but . . . also [when it is] required to waste time, money, and effort in pursuit of cooperation which [the other party] was legally obligated to provide." *Harmon*, 110 F.3d at 368. The Smiths' failure to provide adequate discovery prompted Nationwide to expend time and money cataloguing the deficiencies in the Smiths' proffered responses, drafting multiple letters to the Smiths' attorney asking for supplemental responses, and filing and arguing the three discovery-related motions brought before the district court. This alone establishes prejudice to Nationwide.

Third and fourth, the magistrate's order granting in part Nationwide's first motion to dismiss both warned the Smiths that further failure to cooperate could lead to dismissal and attempted to induce the Smiths' compliance by imposing a sanction less drastic than dismissal. The order contains a bolded section that reads as follows: "**NOTICE AND WARNING TO PLAINTIFFS[:] If Plaintiffs do not fulfill their discovery obligations, including complying with the present Order, this Court will consider granting Defendant's request that Plaintiffs' case be dismissed with prejudice.**" The order also imposed a $1000 fine on the Smiths for not complying with the order granting Nationwide's motion to compel; this sanction was never paid,[2] and it did not prevent

_____

[2]Mr. Smith claims that the failure to pay the $1000 sanction was solely the fault of his attorney. However, even if this were the case, it does not excuse the Smiths' overall conduct. Mr. Smith "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962). The discovery violations perpetrated in this case are egregious enough

8

the Smiths from presenting yet another set of incomplete responses. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 742 (6th Cir. 2008) (finding the district court had satisfied its obligation to consider a sanction less drastic than dismissal when it ordered a party to pay the costs incurred in connection with her nonappearance at a deposition, and she failed to do so). Therefore, like the first two factors, the final two prongs of the applicable test support dismissal of the jewelry case and the PIP case, and the district court's decision to do so was not an abuse of discretion.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal with prejudice of both Mr. Smith's claims under Federal Rule of Civil Procedure 37(b).

---

to justify dismissal even if some of them are attributable to the Smiths' attorney. *See Harmon*, 110 F.3d at 367–38 (noting that dismissal under Rule 37(b) is appropriate when the record reflects bad faith and contumacious conduct, even if a party's attorney is responsible for the failure to cooperate in discovery).