**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name:  14a0914n.06

No. 13-2309

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Dec 09, 2014

DEBORAH S. HUNT, Clerk

CHARLES ATWATER; JODETTE            )
ATWATER,                            )
                                    )
        Plaintiffs-Appellants,      )    ON APPEAL FROM THE UNITED
                                    )    STATES DISTRICT COURT FOR
v.                                  )    THE EASTERN DISTRICT OF
                                    )    MICHIGAN
BANK OF NEW YORK MELLON TRUST       )
COMPANY, N.A., et al.,              )
                                    )
        Defendants-Appellees.       )


BEFORE:  COLE, Chief Judge, GRIFFIN, Circuit Judge; CARR, District Judge.[*]


PER CURIAM.   Charles and Jodette Atwater, husband and wife, Michigan citizens,

appeal through counsel a district court judgment dismissing their complaint challenging a

mortgage foreclosure for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Atwaters granted a mortgage to defendant in 2001 as security for a $242,050 loan to

purchase a home.  They defaulted on the loan and the property was eventually sold at a sheriff's

sale in 2012.  The Atwaters then filed a complaint challenging the foreclosure.  Only the Bank of

New York Mellon Trust Company was issued summons.  The district court twice ordered

plaintiffs to amend the complaint, and they complied, albeit once after the deadline set by the

court.  After plaintiffs filed their third amended complaint, defendant then moved for summary

---

[*]The Honorable James G. Carr, Senior United States District Judge for the Northern
District of Ohio, sitting by designation.

judgment. When the time for responding to the motion expired, the district court issued a show cause order requiring a response and warning plaintiffs that failure to respond would be construed as abandonment of their claims and would result in dismissal. No response to the show cause order was filed, and the district court dismissed the complaint on July 8, 2013. The Atwaters' motion for reconsideration, filed on July 22, was denied.

On appeal, the Atwaters argue that the failure to respond to the order to show cause was the result of an error by counsel, who believed the response was due on July 31, 2013, not July 3.

We review the dismissal of a complaint for failure to prosecute, pursuant to Rule 41(b), for an abuse of discretion. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). The factors generally relevant to such a review include whether the failure to respond to the court's order was due to willfulness, bad faith, or fault; whether the other party was prejudiced; whether the court warned that dismissal would result; and whether less drastic sanctions were considered. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Plaintiffs argue that their failure to respond was not willful or in bad faith but was merely an error in noting the due date. However, a showing of mere error does not help parties seeking to reopen judgments of dismissal because they have "the burden of showing that [their] failure to comply was due to *inability*, not willfulness or bad faith." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (emphasis added). Plaintiffs were clearly warned here, as defendant had moved for summary judgment, and the district court expressly stated that failure to respond to the order to show cause would be viewed as abandonment of the claims and result in dismissal. Also, while district courts should generally consider alternatives to dismissal with prejudice, they are not required to always articulate their consideration of lesser sanctions. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997).

Accordingly, we affirm the district court's order dismissing this complaint.