NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0434n.06

Case No. 23-3275

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Oct 11, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| JAHMIR CHRISTOPHER FRANK, | ) | |
| Plaintiff-Appellant, | ) | |
|  | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
|  | ) | |
| GOOD SAMARITAN HOSPITAL OF CINCINNATI, OHIO; JOHN DOE PHYSICIANS 1-5; JOHN DOE CORPORATIONS 1–5; JOHN DOE EMPLOYEES 1–5; JOHN DOE NURSES 1–10, | ) | OPINION |
| Defendants-Appellees. | ) | |

Before: MOORE, THAPAR, and NALBANDIAN, Circuit Judges.

THAPAR, Circuit Judge. Jahmir Frank asked the district court to reopen his medical-malpractice case based on a change in Ohio law. The district court declined, and Frank appeals. Because the district court didn't abuse its discretion, we affirm.

I.

Jahmir Frank suffers from a permanent brain injury. He claims that Good Samaritan, the hospital where he was born, is to blame. So, Frank sued Good Samaritan for medical malpractice under Ohio law.

To proceed with his medical-malpractice claim, Frank needed an expert to testify about the standard of care that Good Samaritan was required, but failed, to follow. *See Bruni v. Tatsumi*,

346 N.E.2d 673, 677 (Ohio 1976). To meet this requirement, Frank turned to Dr. Jennifer Hollings. But the district court held that Dr. Hollings wasn't competent to testify. Then-existing Ohio law required experts in medical-malpractice suits to devote half their professional time to clinical practice "at the time the testimony is offered at trial." *Johnson v. Abdullah*, 187 N.E.3d 463, 468 (Ohio 2021); *see* Ohio Evid. R. 601(B)(5)(b) (2021 ed.) (requiring the proposed expert to devote "at least one-half of his or her provisional time to the active clinical practice in his or her field of licensure, or to its instruction in an accredited school."); *see also* Fed. R. Evid. 601 (Ohio law applies). Dr. Hollings gave up her medical practice years before Frank introduced her testimony. Thus, the district court found that she wasn't competent to testify as an expert. And because Frank didn't have another expert to testify about Good Samaritan's standard of care, the district court granted summary judgment against him.

Frank appealed, and we affirmed. *Frank v. Good Samaritan Hosp. of Cincinnati*, No. 21-3795, 2023 WL 2523297 (6th Cir. Mar. 15, 2023). Importantly, we held that Frank forfeited any challenges to the district court's summary judgment decision, based on his "utter lack of argument" on appeal. *Id.* at *3. But while his appeal was pending, Ohio proposed a change to its law: rather than require experts to have an active clinical practice "at the time the testimony is offered," the new law would allow witnesses to testify as experts based whether they meet the active clinical practice requirement "at either the time the negligent act is alleged to have occurred or the date the claim accrued." Ohio Evid. R. 601(B)(5)(b).

In light of the proposed change, Frank asked the district court to revisit its judgment. *See* Fed. R. Civ. P. 60(b)(6). The district court declined, and Frank appeals. Ohio's proposed law has since taken effect. Ohio Evid. R. 1102(Y); *see Miles v. Cleveland Clinic Health Sys.-E. Region*, No. 112025, 2023 WL 4781308, at *3 n.4 (Ohio Ct. App. July 27, 2023).

II.

Frank faces a high bar on appeal. Civil Rule 60(b)(6) authorizes a district court to set aside its own judgments. But because finality is important, this rule applies "only in exceptional or extraordinary circumstances" where "principles of equity *mandate* relief." *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citation omitted). The district court has "especially broad" discretion to deny Rule 60(b)(6) relief, so our review is limited and deferential. *See Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

Ohio's rule change doesn't meet this standard. Indeed, "[i]t is well established" that a change in law "is usually not, by itself, an 'extraordinary circumstance'" under Rule 60(b)(6). *Blue Diamond*, 249 F.3d at 524 (citing *Agostini v. Felton*, 521 U.S. 203, 239 (1997)); *see Gonzalez v. Crosby*, 545 U.S. 524, 537 (2005). As the district court recognized, that principle resolves Frank's request.

Frank offers two responses. First, he argues that Ohio law hasn't changed—the district court just misapplied the law. But this claim "is not cognizable under [Rule] 60(b)(6) absent exceptional circumstances." *Hopper*, 867 F.2d at 294. That's because Rule 60(b)(6) authorizes relief only for reasons that aren't addressed elsewhere in Rule 60. *Id.* And a different subsection of Rule 60—Rule 60(b)(1)—addresses mistakes of law. *Id.*

To raise his claim under Rule 60(b)(1), Frank would need to show the district court "made a substantive mistake of law" in its summary judgment order. *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). On the record before us, Frank can't make that showing.

To begin, the district court correctly applied Ohio law. Under Ohio law then in force, Dr. Hollings couldn't testify as an expert unless she had an active clinical practice "at the time [her]

testimony [wa]s offered at trial." *Johnson*, 187 N.E.3d at 468. The only exception isn't relevant here: if defendants delay trial, the trial court can find a non-practicing witness competent if the witness maintained an active practice on the date trial was originally scheduled. *Celmer v. Rodgers*, 871 N.E.2d 557, 562 (Ohio 2007). Dr. Hollings didn't have an active clinical practice, and she hadn't for years. Thus, the district court correctly excluded her expert testimony.[1]

True, Ohio now gauges whether medical experts meet the active clinical practice requirement based on an analysis of earlier points in time. Ohio Evid. R. 601(B)(5)(b). Frank argues that this isn't a *change*, but rather confirmation that the district court's interpretation of Ohio law has been wrong all along. Yet, Ohio courts have recognized that the new law is just that: "a change." *Miles*, 2023 WL 4781308, at *3 n.4. Moreover, the district court wasn't required to predict that Ohio's law would change, and it didn't make a "substantive mistake" by enforcing Ohio law as it then existed. *See Reyes*, 307 F.3d at 455.

Second, Frank argues that, even if the change in Ohio law isn't itself unusual, it becomes extraordinary when combined with the other facts of his case. After suing Good Samaritan, Frank discovered that a third party had destroyed his birth records years earlier. The destruction of those records prevented a competent expert from testifying in Frank's favor, so Frank argues he should get the benefit of the new rule.

For support, Frank cites *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir. 1985). There, after the plaintiffs sued, a state-court decision foreclosed one of their arguments on

---

[1] To be clear, certain Ohio courts have disagreed with the district court's reasoning, finding that the rule of *Johnson* and *Celmer* was limited to the exclusion of testimony *at trial*. *See Miles*, 2023 WL 4781308, at *4 ("Essentially, the trial court prematurely determined [on summary judgment] that Dr. Harris would not be qualified or competent to testify as an expert under Evid. R. 601 'at the time of trial.' This determination was not a proper understanding or application of the rule or law as it read at the time, and thus, constitutes reversible error."). Still, we previously held that Frank forfeited any challenge to the district court's reasoning, based on his failure to argue the issue. *See, e.g.*, *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373–74 (6th Cir. 2007) ("[A] Rule 60(b)(6) motion is not a substitute for an appeal and, it follows, may not be invoked to resurrect a waived argument.").

appeal. *Id.* at 579–80. The plaintiffs conceded the issue, but soon after, the state court overruled itself and resurrected the issue. *Id.* at 579–80. Noting it was unusual for a state court to overrule itself within a year, we granted Rule 60(b)(6) relief. *Id.* at 580. But even the rapid legal change wasn't enough: we emphasized that "the judgment was not final" when the plaintiffs moved for relief. *Id.*

No similar grounds for relief exist here. For one, we've elsewhere refused to apply *Overbee* to judgments that are already final. *Stokes v. Williams*, 475 F.3d 732, 736–37 (6th Cir. 2007) (per curiam). And here, the district court's judgment was final when Frank moved for relief.

Moreover, the last time this case was before us, we noted that Frank had several options to challenge the district court's ruling. *Frank*, 2023 WL 2523297, at *3. He didn't act on any of them. "This lack of diligence confirms" that Rule 60(b)(6) relief isn't warranted. *See Gonzalez*, 545 U.S. at 537. Because Frank didn't act diligently to resolve his expert-witness problem, principles of equity don't "mandate" relief. *See id.*; *see also Blue Diamond*, 249 F.3d at 529 (noting a court should consider "all the facts" (citation omitted)). Certainly, the district court didn't abuse its discretion in declining relief.

We affirm.